IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHALLENGER CRESSON I, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY; CRESSON MOON PROPERTIES, LP; RICHARD DAVID SMELLEY AND AMY ELIZABETH SMELLEY; TAMMY MARIE GRAHAM AND GREGORY SCOTT GRAHAM; AND DEBORAH RUTH DAVIS AND DAVID GLENN DAVIS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00231-P |

**PLAINTIFF'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Challenger Cresson I, LLC ("Plaintiff" or "Challenger" or "Purchaser") files this Original Answer and Affirmative Defenses to Defendants' Bill Sanders, Independent Executor of the Estate of Pearl Smelley (the "Smelley Estate"), Cresson Moon Properties, LP ("CMPLP"), Richard David Smelley and Amy Elizabeth Smelley (collectively, "Smelley"), Tammy Marie Graham and Gregory Scott Graham (collectively, "Graham"), Deborah Ruth Davis and David Glenn Davis (collectively, "Davis") (the Smelley Estate, CMPLP, Smelley, Graham, and Davis are collectively, "Defendants" or "Seller") Counterclaims.

**Answer**

General Denial. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Plaintiff denies each and every allegation in Defendants' Counterclaims except those expressly admitted herein.

## Parties and Jurisdiction

1. Plaintiff admits the allegations in Paragraph 1 regarding the identity of the Defendants.

2. Plaintiff admits the allegations in Paragraph 2.

3. Plaintiff admits the Court has jurisdiction over Defendants' counterclaims.

4. Plaintiff admits that venue is proper in this District.

5. Plaintiff admits that this matter has a factual nexus to the Fort Worth Division.

## Factual Allegations

6. Plaintiff admits the allegations in Paragraph 6.

7. Plaintiff states that the Contract speaks for itself, and subject hereto, admits the allegations in Paragraph 7. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

8. Plaintiff states that the Contract speaks for itself, and subject hereto, admits the allegations in Paragraph 8. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

9. Plaintiff admits the allegations in Paragraph 9.

10. Plaintiff admits that on June 21, 2023, Seller notified Plaintiff's agent, Jake Wilkinson, that all Tires had been removed from the Property. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

11. Plaintiff admits that on December 15, 2023, Plaintiff sent a letter to Seller notifying Seller that Seller failed to satisfy its obligation to remove all Tires from the Property and clarifying that the Inspection Period would not expire until the "IP Expiration Conditions" had been satisfied.

Plaintiff denies any remaining allegations inconsistent with the above, the Contract's express terms, or any legal conclusions that may be drawn therefrom.

12. Plaintiff admits that on January 11, 2024, Seller again notified Purchaser's agent, Jake Wilkinson, that all Tires had been removed from the Property. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of whether Defendants requested another critical dates letter, and denies all remaining allegations in Paragraph 12. Plaintiff further shows that Defendants' attempt to rely on the size of the Property—nearly three (3) square miles—as justification for their performance failures only underscores their lack of diligence. Despite the scope of the Property being known from the outset, Defendants conducted only a grossly inadequate investigation, including the collection of approximately six (6) soil samples across the entire Property. Such minimal testing is commercially unreasonable for a tract of this size and cannot support any reliable conclusions regarding the presence or absence of environmental contamination. Defendants further did not test the groundwater at all. There was no information provided around the removal of the oil wells or what sampling was done to ensure the pipes underneath did not contaminate the soil through leaks and/or other contaminants like asbestos or that the Railroad Commission records included the pressure tests that prove no leakage. The failure of Defendants' to provide such evidence of no contamination or reliance letter is a great risk to maximizing future industrial development of the Property in a timely manner. Defendants cannot use the Property's size as a shield for nonperformance when their own conduct demonstrates a failure to meaningfully investigate or understand the condition of the Property.

13. Plaintiff lacks knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 13 and therefore denies the same.

14. Plaintiff admits that on July 1, 2024, Plaintiff delivered written notice to Seller notifying Seller of, among other things, Plaintiff's discovery that (a) Seller had again failed to remove all of the Tires from the Property, and (b) Seller had failed to deliver to Plaintiff all of the Due Diligence Items. Plaintiff denies all remaining allegations in Paragraph 14.

15. Plaintiff admits the allegations in Paragraph 15.

16. Plaintiff admits that the Contract contains the provisions generally referenced in Paragraph 16 but denies any characterization inconsistent with its express terms. Plaintiff further affirmatively shows that Defendants failed to comply with the contractual deadlines tied to the Outside Closing Date. Specifically, Defendants had not even retained a qualified environmental engineer until approximately fifteen (15) days prior to the December 31, 2025 Outside Closing Date—well after the deadline imposed by Section 7(c), which required completion of environmental remediation and delivery of the required report no later than fifteen (15) days prior to Closing. Defendants' last-minute and untimely efforts made compliance impossible and constitute a material failure to perform under the Contract.

17. Plaintiff states any written communication speaks for itself and Plaintiff denies any characterization inconsistent therein or any legal conclusion that may be drawn therefrom.

18. Plaintiff admits that Defendants delivered an environmental report on or about January 26, 2026 but denies any characterization that such report complied with the Contract or satisfied Defendants' obligations. The report was delivered approximately sixteen (16) days after the January 10, 2026 extended closing date and more than forty (40) days after the contractual deadline for delivery of the Required Environmental Report, rendering it untimely on its face. Moreover, by its own express terms, the report disclaims reliance by third parties, including Plaintiff, and therefore does not constitute the "Required Environmental Report" contemplated by

Section 7(c) of the Contract. Plaintiff expressly requested that Defendants provide a report upon which Plaintiff could rely, and Defendants represented that such reliance would be provided. Despite those representations, the report delivered was not one that Plaintiff could rely upon, was substantively deficient, and could not, as a matter of contract and its own language, satisfy Defendants' obligations or be used to support any claim of compliance.

19. To the extent the allegations in Paragraph 19 are found in writings, those writings speak for themselves. Plaintiff denies any remaining allegations in Paragraph 19.

20. To the extent the allegations in Paragraph 20 are found in writings, those writings speak for themselves. Plaintiff denies any remaining allegations in Paragraph 20.

21. Plaintiff denies the allegations in Paragraph 21.

22. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom. Plaintiff expressly requested that Defendants provide a report upon which Plaintiff could rely, and Defendants represented that such reliance would be provided. Despite those representations, the report delivered was not one that Plaintiff could rely upon, was substantively deficient, and could not, as a matter of contract and its own language, satisfy Defendants' obligations or be used to support any claim of compliance.

23. Plaintiff denies the allegations in Paragraph 23.

24. Plaintiff denies the allegations in Paragraph 24.

25. Plaintiff denies the allegations in Paragraph 25.

26. Plaintiff denies the allegations in Paragraph 26.

27. Plaintiff admits that Defendants seek certain damages in their Counterclaims but deny that they are entitled to the same.

28. Plaintiff admits that Defendants seek certain damages in their Counterclaims but deny that they are entitled to the same. Plaintiff further denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

**Count 1: Breach of Contract**

29. Plaintiff is not required to admit or deny the allegations contained in Paragraph 29.

30. Plaintiff admits the allegations in Paragraph 30.

31. Plaintiff denies the allegations in Paragraph 31.

32. Plaintiff denies the allegations in Paragraph 32.

33. Plaintiff denies the allegations in Paragraph 33.

34. Plaintiff denies the allegations in Paragraph 34.

**Count 2: Anticipatory Repudiation**

35. Plaintiff is not required to admit or deny the allegations contained in Paragraph 35.

36. Plaintiff denies the allegations in Paragraph 36.

37. Plaintiff denies the allegations in Paragraph 37.

38. Plaintiff denies the allegations in Paragraph 38.

39. Plaintiff denies the allegations in Paragraph 39.

40. Plaintiff denies the allegations in Paragraph 40.

41. Plaintiff denies the allegations in Paragraph 41.

42. Plaintiff denies the allegations in Paragraph 42.

**Count 3: Declaratory Judgment**

43. Plaintiff is not required to admit or deny the allegations contained in Paragraph 43.

44. Plaintiff admits that an actual and justiciable controversy exists between the parties regarding their rights and obligations under the Contract and amendments.

45. Plaintiff admits that Defendants seek the relief described in Paragraph 45 but deny that Defendants are entitled to the same. Plaintiff further states that the Contract speaks for itself. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

46. Plaintiff admits that Defendants seek the relief described in Paragraph 45 but deny that Defendants are entitled to the same. Plaintiff further states that the Contract speaks for itself. Plaintiff denies any characterization inconsistent with the Contract's express terms or any legal conclusion that may be drawn therefrom.

**Attorneys' Fees, Interest, and Costs**

47. Plaintiff is not required to admit or deny the allegations contained in Paragraph 47.

48. Plaintiff denies the allegations in Paragraph 47 and denies that Defendants are entitled to recover attorneys' fees.

49. Plaintiff denies the allegations in Paragraph 49.

**Jury Demand**

50. Plaintiff is not required to admit or deny the allegations contained in this Paragraph.

**Relief Requested**

In response to the unnumbered "Prayer" section, Plaintiff denies that Defendants are entitled to any of the relief they request in their Counterclaims.

Plaintiff requests that Defendants be cited to appear and answer this case and, upon final trial, Defendants take nothing by way of their Counterclaims, that Plaintiff have declaratory relief as requested in its Petition; judgment in its favor and against Defendants for actual damages, including benefit of the bargain and out of pocket damages, special damages including lost profits,

attorneys' fees, costs of court, pre- and post-judgment interest as allowed by law, and any further legal or equitable relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Blake J. Brownshadel*
Blake J. Brownshadel
State Bar No. 24073969
bbrownshadel@cbsattorneys.com
Christopher A. John
State Bar No. 24110053
cjohn@cbsattorneys.com
CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing instrument was served on Defendants' counsel through the Court's e-service.

*/s/ Blake J. Brownshadel*
Blake J. Brownshadel