**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHALLENGER CRESSON I, LLC,**<br>**Plaintiff,**<br><br>**v.**<br><br>**BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY; CRESSON MOON PROPERTIES, LP; RICHARD DAVID SMELLEY AND AMY ELIZABETH SMELLEY; TAMMY MARIE GRAHAM AND GREGORY SCOTT GRAHAM; AND DEBORAH RUTH DAVIS AND DAVID GLENN DAVIS,**<br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:26-CV-00231-P** |

**DEFENDANTS' DESIGNATION OF EXPERT WITNESSES**

Pursuant to Federal Rule of Civil Procedure 26(a)(2) and this Court's scheduling order [Dkt. 15], Defendants Bill Sanders, as Independent Executor of the Estate of Pearl Smelley; Cresson Moon Properties, LP; Richard David Smelley and Amy Elizabeth Smelley; Tammy Marie Graham and Gregory Scott Graham; and Deborah Ruth Davis and David Glenn Davis (collectively, "Defendants") designate the following expert witnesses:

**I. Expert Witness Providing an Expert Report under FRCP 26(a)(2)(B):**

**a. Michael Whitehead**
**Whitehead Environmental Solutions, LLC**
**906 18th St.**
**Plano, Texas 75074**
**(469) 609-8080 Ext. 100**
**mike@whiteheades.com**

Defendants designate Michael Whitehead as a retained expert witness who is expected to provide expert testimony concerning environmental contamination, environmental investigation,

environmental due diligence, environmental remediation, the adequacy of environmental reports or remediation efforts, environmental risk, and related technical matters concerning the property at issue in this litigation (the "Property").[1] Moreover, Mr. Whitehead is also a fact witness through his involvement and experience with matters specific to this case.

Mr. Whitehead holds a master's degree in soil science from the University of Florida, and he has more than 25 years of professional experience working as an environmental consultant in Boston and Dallas. His expertise includes Phase I ESAs, Phase II site investigations, remediation of contaminated sites, risk-based remedies, and closure of contaminated sites. Mr. Whitehead has successfully remediated and closed contaminated properties through a variety of Texas regulatory programs and has personally worked on and closed more than 100 Texas Risk Reduction Program (TRRP) cases. He also has used the Municipal Setting Designation (MSD) in several Texas cities as a risk-based option to address contaminated sites, especially properties impacted from chlorinated solvents and metals. Mr. Whitehead has extensive working knowledge of the TRRP program and a demonstrated history of working with TCEQ case coordinators and managers on TRRP matters.

Mr. Whitehead's address and contact information have been provided in Defendants' disclosures, discovery responses, or other case materials, subject to any applicable confidentiality or privacy protections. In addition to his status as a fact-witness, Mr. Whitehead has been retained to provide expert testimony in this matter under Federal Rule of Civil Procedure 26(a)(2)(B). Mr.

---

[1] This Court's scheduling order limits the filing requirement to "a written designation of the name and address of each expert witness who will testify at trial for that party[.]" *see* Dkt. 15, ¶ 4(b). Defendants have concurrently served Plaintiff's counsel with Defendants' complete Rule 26(a)(2) disclosures.

Whitehead's written report, including the information required by Rule 26(a)(2)(B), is attached hereto as **Exhibit A.**

Mr. Whitehead is expected to testify concerning environmental conditions at or affecting the Property; the presence, absence, nature, extent, source, migration, investigation, assessment, and remediation of environmental contamination or potential contamination; the adequacy, reliability, scope, methodology, and conclusions of environmental sampling, testing, reports, remediation work, industry terminology, and related due diligence; the reasonableness and necessity of additional environmental investigation or remediation; the timing and adequacy of any environmental work performed or proposed; the risks associated with identified or potential environmental conditions; and the effect of environmental conditions on the ability to use, develop, finance, acquire, sell, or rely upon the Property.

Mr. Whitehead is also expected to testify concerning environmental industry standards, accepted practices, regulatory considerations, site assessment protocols, sampling and testing practices, remediation standards, environmental engineering or consulting practices, the sufficiency of any environmental reports or reliance letters, the significance of any failure to conduct adequate soil or groundwater testing, the significance of any oil and gas, tire, waste, soil, groundwater, asbestos, petroleum, or other contamination-related issues, and the environmental implications of documents, communications, reports, records, sampling data, and site conditions relevant to this dispute.

Mr. Whitehead's opinions are expected to be based on his education, training, professional experience, review of case materials, review of environmental reports and records, review of contracts and due diligence materials, review of pleadings and discovery materials, review of sampling data or environmental information produced in this case, communications with counsel,

site information, applicable standards and practices, and any inspection, analysis, or other expert work performed in connection with this matter.

In accordance with Rule 26(a)(2)(B), Mr. Whitehead's report will contain a complete statement of all opinions he will express and the basis and reasons for them; the facts or data considered by him in forming his opinions; any exhibits that will be used to summarize or support his opinions; his qualifications, including a list of publications authored in the previous ten years if applicable; a list of all other cases in which, during the previous four years, he testified as an expert at trial or by deposition; and a statement of the compensation to be paid for his study and testimony in this case.

Defendants reserve the right to supplement Mr. Whitehead's opinions and report in accordance with the Federal Rules of Civil Procedure, the Court's Scheduling Order, and any applicable order of the Court, including in response to additional discovery, additional documents, deposition testimony, site information, environmental testing, expert reports, rebuttal issues, or opinions offered by Plaintiff's experts.

## II. Expert Witnesses Not Providing an Expert Report under FRCP 26(a)(2)(C):

**a. Mr. Scott A. Wheatley**
**Jackson Walker LLP**
**777 Main Street, Suite 2100**
**Fort Worth, Texas 76102**
**(817) 334-7200**
**swheatley@jw.com**

Mr. Wheatley is expected to testify regarding the usual, customary, and necessary attorneys' fees and costs incurred by Defendants in this matter and may provide testimony rebutting any attorneys' fees testimony or evidence proffered by Challenger Cresson I, LLC ("Plaintiff"), or any other party seeking attorneys' fees at trial. In general, Mr. Wheatley will

testify that the fees and expenses incurred by Defendants in connection with this matter have been reasonable and necessary.

Mr. Wheatley's opinions on reasonable and necessary attorneys' fees in this case may also consider the following factors: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fees customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Mr. Wheatley's firm, Jackson Walker, represents Defendants in its defense and prosecution of the above-referenced proceeding. As this case is still pending, the total amount of attorneys' fees and costs Defendants will incur in prosecuting and defending this lawsuit is not known at this time.

Mr. Wheatley, Partner, is currently compensated at a rate of $955 per hour in this matter. Mr. Lee B. Hunt, Sr. Counsel, is currently compensated at a rate of $735 per hour in this matter. Mr. Trevor J. Paul, Associate, is currently compensated at a rate of $655 per hour for this matter. A copy of Mr. Wheatley's resume and biography is attached hereto as **Exhibit B.**

Mr. Wheatley's expert testimony will also be based on a review of billing records pertaining to this case and his knowledge, education, and experience with similar cases. His testimony will further be based on the filings in this case, written discovery exchanged between

the parties, document productions in this case, and the transcripts of any depositions taken in this proceeding. Additionally, his expert testimony will be based on the applicable legal authorities pertaining to the calculation of attorney's fees and expenses, including but not limited to, *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), Texas Disciplinary Rule of Professional Conduct 1.04(b), *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), El Apple I, Ltd. v. Olivas, 370 S.W.3d 757 (Tex. 2012), and *City of Laredo v. Montano*, 414 S.W.3d 731 (Tex. 2013).

The following documents have been, or will be, reviewed by Mr. Wheatley in anticipation of his expert testimony:

1) Pleadings of record, motions, transcripts, and discovery in this case;

2) Depositions taken to date in this matter;

3) CVs of attorneys and paralegals that have worked on this matter; and

4) Billing records in connection with this matter.

Mr. Wheatley reserves the right to review additional pleadings, deposition testimony, documents produced by the parties, other factual and legal records relating to this case, and any other information which may be relied upon by Mr. Wheatley in support of his testimony in this case before trial. Mr. Wheatley reserves the right to supplement or amend his opinions based on any such additional information reviewed.

**b. Richard D. Smelley**

Defendants designate Richard D. Smelley as a fact witness and non-retained hybrid expert witness who is expected to testify concerning the Property, including its value, condition, use, characteristics, and marketability.

Mr. Smelley is a 33.33% Limited Partner of CMP, which owns a 50% undivided interest in the Property. He also serves as a Manager of Cresson Moon Management, LLC, the General Partner of CMP, with direct management authority over CMP and its assets, including the Property. Through these roles, Mr. Smelley has been directly and personally involved in the management, oversight, maintenance, development planning, and sale efforts concerning the Property for many years. His address and contact information have been provided in Defendants' disclosures, discovery responses, or other case materials, subject to any applicable confidentiality or privacy protections.

Defendants designate Mr. Smelley as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C) to the extent any portion of his testimony constitutes expert testimony under Federal Rules of Evidence 702, 703, 704, or 705. He was not retained or specially employed to provide expert testimony within the meaning of Rule 26(a)(2)(B) and is not required to provide a written report under that rule. His anticipated testimony is based on his extensive personal familiarity with the Property developed through years of direct management authority and involvement in its oversight, maintenance, development planning, negotiations, and the transaction at issue in this litigation, as well as his knowledge of local real estate market conditions and comparable property values in the area.

Based on his personal knowledge and direct management involvement with the Property, Mr. Smelley is expected to testify regarding the Property's value at relevant times, including its fair market value, the factual basis for that value, and the factors informing his opinion of value. Those factors may include the Property's acreage, size, location, access, utilities, and surrounding development; its condition, improvements, physical characteristics, development potential, and limitations; its existing or potential uses; its environmental condition as understood

from his firsthand knowledge and from documents or communications in which he was involved; its marketability, sale or purchase history, and market conditions known to him; prior negotiations, offers, purchase or sale discussions, communications, due diligence, contractual matters, and the parties' transaction; comparable sales of ranch and agricultural land in the area known to him; the effect of known conditions—including environmental conditions, tire removal, and site conditions—on the ability to use or develop the Property and on its marketability or value; and any other conditions or facts bearing on the Property's value. He will not be offered as a retained appraiser unless separately disclosed, and Defendants do not designate him to provide a retained expert appraisal report under Rule 26(a)(2)(B); to the extent his testimony concerns property value, it is expected to rest on his specialized knowledge of the Property and its market developed through years of direct, personal management and involvement, rather than on a retained expert appraisal prepared for purposes of this litigation.

The facts supporting Mr. Smelley's anticipated testimony include his direct management authority over CMP and the Property as a Manager of Cresson Moon Management, LLC; his personal involvement in the oversight, maintenance, and operation of the Property over many years; his participation in discussions, negotiations, and decisions relating to the Property and its sale; his familiarity with the Property and its characteristics developed through regular, ongoing interaction with the land; his knowledge of comparable property transactions and market conditions in the area; communications and documents concerning the transaction at issue; the pleadings and discovery materials in this case; contracts, amendments, due diligence materials, environmental materials, correspondence, photographs, maps, surveys, records, offers, negotiations, and other materials concerning the Property; and his personal knowledge of facts bearing on the Property's value.

Defendants reserve the right to supplement this disclosure as discovery proceeds and as additional information regarding the Property, its condition, and its value becomes available.

**c. Tammy M. Graham**

Defendants designate Tammy M. Graham as a fact witness and non-retained hybrid expert witness who is expected to testify concerning the Property, including its value, condition, use, characteristics, and marketability.

Mrs. Graham is a 33.33% Limited Partner of CMP, which owns a 50% undivided interest in the Property. She also serves as a Manager of Cresson Moon Management, LLC, the General Partner of CMP, with direct management authority over CMP and its assets, including the Property. Through these roles, Mrs. Graham has been directly and personally involved in the management, oversight, maintenance, development planning, and sale efforts concerning the Property for many years. Her address and contact information have been provided in Defendants' disclosures, discovery responses, or other case materials, subject to any applicable confidentiality or privacy protections.

Defendants designate Mrs. Graham as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C) to the extent any portion of her testimony constitutes expert testimony under Federal Rules of Evidence 702, 703, 704, or 705. She was not retained or specially employed to provide expert testimony within the meaning of Rule 26(a)(2)(B) and is not required to provide a written report under that rule. Her anticipated testimony is based on her extensive personal familiarity with the Property developed through years of direct management authority and involvement in its oversight, maintenance, development planning, negotiations, and the transaction at issue in this litigation, as well as her knowledge of local real estate market conditions and comparable property values in the area.

Based on her personal knowledge and direct management involvement with the Property, Mrs. Graham is expected to testify regarding the Property's value at relevant times, including its fair market value, the factual basis for that value, and the factors informing her opinion of value. Those factors may include the Property's acreage, size, location, access, utilities, and surrounding development; its condition, improvements, physical characteristics, development potential, and limitations; its existing or potential uses; its environmental condition as understood from her firsthand knowledge and from documents or communications in which she was involved; its marketability, sale or purchase history, and market conditions known to her; prior negotiations, offers, purchase or sale discussions, communications, due diligence, contractual matters, and the parties' transaction; comparable sales of ranch and agricultural land in the area known to her; the effect of known conditions—including environmental conditions, tire removal, and site conditions—on the ability to use or develop the Property and on its marketability or value; and any other conditions or facts bearing on the Property's value. She will not be offered as a retained appraiser unless separately disclosed, and Defendants do not designate her to provide a retained expert appraisal report under Rule 26(a)(2)(B); to the extent her testimony concerns property value, it is expected to rest on her specialized knowledge of the Property and its market developed through years of direct, personal management and involvement, rather than on a retained expert appraisal prepared for purposes of this litigation.

The facts supporting Mrs. Graham's anticipated testimony include her direct management authority over CMP and the Property as a Manager of Cresson Moon Management, LLC; her personal involvement in the oversight, maintenance, and operation of the Property over many years; her participation in discussions, negotiations, and decisions relating to the Property and its sale; her familiarity with the Property and its characteristics developed through regular, ongoing

interaction with the land; her knowledge of comparable property transactions and market conditions in the area; communications and documents concerning the transaction at issue; the pleadings and discovery materials in this case; contracts, amendments, due diligence materials, environmental materials, correspondence, photographs, maps, surveys, records, offers, negotiations, and other materials concerning the Property; and her personal knowledge of facts bearing on the Property's value.

Defendants reserve the right to supplement this disclosure as discovery proceeds and as additional information regarding the Property, its condition, and its value becomes available.

**d. Deborah R. Davis**

Defendants designate Deborah R. Davis as a fact witness and non-retained hybrid expert witness who is expected to testify concerning the Property, including its value, condition, use, characteristics, and marketability.

Ms. Davis serves as Trustee of the D. Davis Children's Trust, which is a 33.33% Limited Partner of CMP, which in turn owns a 50% undivided interest in the Property. She also serves as a Manager of Cresson Moon Management, LLC, the General Partner of CMP, with direct management authority over CMP and its assets, including the Property. Through these roles, Ms. Davis has been directly and personally involved in the management, oversight, maintenance, development planning, and sale efforts concerning the Property for many years. Her address and contact information have been provided in Defendants' disclosures, discovery responses, or other case materials, subject to any applicable confidentiality or privacy protections.

Defendants designate Ms. Davis as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C) to the extent any portion of her testimony constitutes expert testimony under Federal Rules of Evidence 702, 703, 704, or 705. She was not retained or specially

employed to provide expert testimony within the meaning of Rule 26(a)(2)(B) and is not required to provide a written report under that rule. Her anticipated testimony is based on her extensive personal familiarity with the Property developed through years of direct management authority and involvement in its oversight, maintenance, development planning, negotiations, and the transaction at issue in this litigation, as well as her knowledge of local real estate market conditions and comparable property values in the area.

Based on her personal knowledge and direct management involvement with the Property, Ms. Davis is expected to testify regarding the Property's value at relevant times, including its fair market value, the factual basis for that value, and the factors informing her opinion of value. Those factors may include the Property's acreage, size, location, access, utilities, and surrounding development; its condition, improvements, physical characteristics, development potential, and limitations; its existing or potential uses; its environmental condition as understood from her firsthand knowledge and from documents or communications in which she was involved; its marketability, sale or purchase history, and market conditions known to her; prior negotiations, offers, purchase or sale discussions, communications, due diligence, contractual matters, and the parties' transaction; comparable sales of ranch and agricultural land in the area known to her; the effect of known conditions—including environmental conditions, tire removal, and site conditions—on the ability to use or develop the Property and on its marketability or value; and any other conditions or facts bearing on the Property's value. She will not be offered as a retained appraiser unless separately disclosed, and Defendants do not designate her to provide a retained expert appraisal report under Rule 26(a)(2)(B); to the extent her testimony concerns property value, it is expected to rest on her specialized knowledge of the Property and

its market developed through years of direct, personal management and involvement, rather than on a retained expert appraisal prepared for purposes of this litigation.

The facts supporting Ms. Davis's anticipated testimony include her direct management authority over CMP and the Property as a Manager of Cresson Moon Management, LLC; her personal involvement in the oversight, maintenance, and operation of the Property over many years; her participation in discussions, negotiations, and decisions relating to the Property and its sale; her familiarity with the Property and its characteristics developed through regular, ongoing interaction with the land; her knowledge of comparable property transactions and market conditions in the area; communications and documents concerning the transaction at issue; the pleadings and discovery materials in this case; contracts, amendments, due diligence materials, environmental materials, correspondence, photographs, maps, surveys, records, offers, negotiations, and other materials concerning the Property; and her personal knowledge of facts bearing on the Property's value.

Defendants reserve the right to supplement this disclosure as discovery proceeds and as additional information regarding the Property, its condition, and its value becomes available.

**e. David G. Davis**

Defendants designate David G. Davis as a fact witness and non-retained hybrid expert witness who is expected to testify concerning the Property, including its value, condition, use, characteristics, and marketability.

Mr. Davis is a named Defendant in this action who executed the Contract of Sale as a Seller alongside Deborah Ruth Davis. His wife, Deborah Ruth Davis, serves as Trustee of the D. Davis Children's Trust—a 33.33% Limited Partner of Cresson Moon Properties, LP ("CMP")—and as a Manager of Cresson Moon Management, LLC, the General Partner of CMP, which

owns a 50% undivided interest in the Property. Through these relationships, his direct participation in the transaction, and his personal involvement in the management, oversight, development planning, and sale efforts concerning the Property for many years, Mr. Davis has extensive firsthand knowledge of the Property and its value. His address and contact information have been provided in Defendants' disclosures, discovery responses, or other case materials, subject to any applicable confidentiality or privacy protections.

Defendants designate Mr. Davis as a non-retained expert under Federal Rule of Civil Procedure 26(a)(2)(C) to the extent any portion of his testimony constitutes expert testimony under Federal Rules of Evidence 702, 703, 704, or 705. He was not retained or specially employed to provide expert testimony within the meaning of Rule 26(a)(2)(B) and is not required to provide a written report under that rule. His anticipated testimony is based on his extensive personal familiarity with the Property developed through years of direct involvement in its management, maintenance, development planning, negotiations, and the transaction at issue in this litigation, as well as his knowledge of local real estate market conditions and comparable property values in the area.

Based on his personal knowledge and direct involvement with the Property, Mr. Davis is expected to testify regarding the Property's value at relevant times, including its fair market value, the factual basis for that value, and the factors informing his opinion of value. Those factors may include the Property's acreage, size, location, access, utilities, and surrounding development; its condition, improvements, physical characteristics, development potential, and limitations; its existing or potential uses; its environmental condition as understood from his firsthand knowledge and from documents or communications in which he was involved; its marketability, sale or purchase history, and market conditions known to him; prior negotiations,

offers, purchase or sale discussions, communications, due diligence, contractual matters, and the parties' transaction; comparable sales of ranch and agricultural land in the area known to him; the effect of known conditions—including environmental conditions, tire removal, and site conditions—on the ability to use or develop the Property and on its marketability or value; and any other conditions or facts bearing on the Property's value. He will not be offered as a retained appraiser unless separately disclosed, and Defendants do not designate him to provide a retained expert appraisal report under Rule 26(a)(2)(B); to the extent his testimony concerns property value, it is expected to rest on his specialized knowledge of the Property and its market developed through years of direct, personal involvement, rather than on a retained expert appraisal prepared for purposes of this litigation.

The facts supporting Mr. Davis's anticipated testimony include his direct, personal involvement in the management and oversight of the Property over many years; his participation in discussions, negotiations, and decisions relating to the Property and its sale; his familiarity with the Property and its characteristics developed through regular, ongoing interaction with the land; his knowledge of comparable property transactions and market conditions in the area; communications and documents concerning the transaction at issue; the pleadings and discovery materials in this case; contracts, amendments, due diligence materials, environmental materials, correspondence, photographs, maps, surveys, records, offers, negotiations, and other materials concerning the Property; and his personal knowledge of facts bearing on the Property's value.

Defendants reserve the right to supplement this disclosure as discovery proceeds and as additional information regarding the Property, its condition, and its value becomes available.

## III. Rebuttal and Supplemental Expert Testimony

Defendants reserve the right to designate rebuttal experts in response to any expert designations, reports, opinions, or testimony offered by Plaintiff, subject to the Federal Rules of Civil Procedure, the Court's Scheduling Order, and any applicable order of the Court. Defendants further reserve the right to supplement these disclosures under Federal Rule of Civil Procedure 26(e).

Defendants reserve the right to call any witness necessary to rebut, impeach, explain, or respond to testimony, opinions, documents, or evidence offered by Plaintiff or its witnesses. Defendants also reserve the right to elicit expert or opinion testimony from any witness designated by Plaintiff, any witness identified in discovery, any treating or consulting professional disclosed by the parties, any custodian of records, and any other witness permitted by the Federal Rules of Evidence and the Court's orders.

## IV. Reservation of Rights

Defendants make these designations based on information currently available and without waiver of any objections, privileges, protections, or rights. Defendants reserve all rights to object to the admissibility of any testimony, opinion, report, exhibit, or other evidence offered by Plaintiff. Defendants reserve the right to amend or supplement these designations as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's Scheduling Order, and any applicable order of the Court.

Dated: August 7, 2026

Respectfully submitted,

By: *<u>/s/ Scott A. Wheatley</u>*
Scott A. Wheatley
State Bar No. 24013737

swheatley@jw.com
Lee B. Hunt
State Bar No. 24082257
lhunt@jw.com
Trevor J. Paul
State Bar No. 24133388
tpaul@jw.com

**JACKSON WALKER LLP**
777 Main Street, Suite 2100
Fort Worth, TX 76102
817.334.7200 – Phone
817.334.7290 – Fax

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, a true and correct copy of the foregoing document was electronically served through the electronic filing manager on all counsel of record.

*/s/ Scott A. Wheatley*
Scott A. Wheatley