**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHALLENGER CRESSON I, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00231-P** |
| | § | |
| **BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY; CRESSON MOON PROPERTIES, LP; RICHARD DAVID SMELLEY AND AMY ELIZABETH SMELLEY; TAMMY MARIE GRAHAM AND GREGORY SCOTT GRAHAM; AND DEBORAH RUTH DAVIS AND DAVID GLENN DAVIS,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

Pursuant to Federal Rule of Civil Procedure 26(a)(2) and this Court's scheduling order [Dkt. 15], Plaintiff Challenger Cresson I, LLC ("Plaintiff" or "Challenger") designates the following expert witnesses:

**I. Expert Witness Providing an Expert Report under FRCP 26(a)(2)(B):**

Mr. R. Steven George, P.G.
Green Star Environmental
P.O. Box 13482
Arlington, Texas 76094-0482

Plaintiff designates R. Steven George, P.G. as a retained testifying expert witness who is expected to provide expert testimony concerning environmental due diligence, environmental investigation, environmental contamination, environmental site assessments, limited Phase II investigations, environmental consulting practices, environmental regulatory considerations, and related technical matters concerning the property at issue in this litigation, consisting of

approximately 1,674 gross contiguous acres located at 7700 Old Granbury Road, Cresson, Hood County, Texas 76035 (the "Property").

Mr. George is expected to testify regarding the environmental requirements in the parties' Standard Contract of Sale, including the representations and obligations in Sections 6(i), 6(k), and 7(c), and whether the environmental work performed or obtained in connection with the transaction satisfied those requirements.

Mr. George is a geologist and environmental scientist with more than 42 years of professional experience, including 37 years as an environmental consultant. He is a Principal of Green Star Environmental and has extensive experience managing and performing Phase I Environmental Site Assessments, Phase II investigations, remediation work, and environmental assessment and sampling involving petroleum, oil and gas, produced water, crude oil, and drilling mud releases. Mr. George's curriculum vitae is included in his expert report provided here as Exhibit A.

Mr. George's opinions are expected to be based on his education, training, professional experience, review of the Contract, review of the environmental reports and related due diligence materials, and his experience conducting assessment, investigation, and remediation activities at sites similar to the Property. Mr. George reviewed four Phase I Environmental Site Assessment reports, one Whitehead Limited Phase II Investigation report, a Whitehead work order for professional services, and an ESE certificate of liability insurance relating to the environmental due diligence for the Property. The environmental reports he reviewed included ESE Phase I ESA reports dated October 13, 2023, December 18, 2023, and December 11, 2025, a Whitehead Phase I ESA report dated December 12, 2025, and a Whitehead Limited Phase II Investigation report dated January 26, 2026.

Mr. George is expected to testify that the Contract required Seller to remove or cause to be removed from the Property any and all environmental contamination, hazardous materials, and/or underground storage tanks located in, on, or about the Property, and to provide Purchaser a report prepared by a licensed environmental engineer confirming that no environmental contamination exists on or with respect to the Property. Mr. George is further expected to testify that the Contract included representations and warranties concerning the absence of Hazardous Substances and underground storage tanks, and that the Contract's definition of Hazardous Substances incorporated multiple federal and Texas environmental laws and regulatory programs.

Mr. George is expected to testify that each of the environmental reports he reviewed, individually and collectively, failed to satisfy the requirements of Sections 6(i) and 7(c) of the Contract. He is expected to testify that the Phase I ESA reports were limited in scope, contained material limitations and data gaps, and did not provide the type of confirmation required by the Contract that no environmental contamination exists on or with respect to the Property. Mr. George is expected to testify that the Phase I ESA reports expressly disclaimed any warranty or guarantee regarding the presence or absence of hazardous materials, and that those limitations are inconsistent with the contractual requirement for a report confirming the absence of environmental contamination.

Mr. George is also expected to testify concerning the timing of Seller's environmental due diligence. He is expected to testify that the Contract was executed on May 26, 2023, that Purchaser obtained environmental professional work approximately 4.5 months later, and that Seller did not hire an environmental professional until December 2025, approximately 2.5 years after execution of the Contract. Based on that delay and his experience with similar environmental due diligence work, Mr. George is expected to testify that Seller did not act consistently with the timing

reasonably necessary to satisfy the environmental due diligence obligations imposed by the Contract.

Mr. George is further expected to testify concerning the adequacy and limitations of the Whitehead Limited Phase II Investigation. The Whitehead Limited Phase II investigation targeted former natural gas well pad locations and an adjacent offsite well pad, included six borings, converted three borings into temporary monitoring wells, collected nine soil samples, and did not collect groundwater samples because none of the temporary wells produced groundwater on the day of investigation. Mr. George is expected to testify that seven of the nine soil samples appeared to show impacts from oil and gas operations, including elevated chloride impacts, petroleum-related TPH or BTEX fractions, and increased barium impacts. He is expected to testify that those findings confirmed environmental contamination from oil and gas operations at the Property and that the limited number and placement of borings and samples were insufficient given the size and nature of the potentially impacted source areas.

Mr. George is expected to testify that the Whitehead Limited Phase II Investigation did not analyze a sufficient suite of chemicals of concern to determine the full extent of contamination impacts. He is expected to testify that the investigation excluded or did not adequately address potential concerns such as boron, antifreeze, coolant leaks, produced water constituents, and Naturally Occurring Radioactive Material associated with oil and gas operations. Mr. George is expected to testify that additional wells, additional sampling, and broader investigation are necessary to define the source areas, delineate impacts, determine whether mitigation is required, and evaluate other potential sources of environmental impacts on the Property.

Mr. George is expected to testify that additional unresolved environmental issues at the Property may require investigation, including potential impacts from observed drum spills and

stored petroleum drums, abandoned and partially buried tires, the adjacent railroad boundary, agricultural operations dating to the 1930s, natural gas pipelines, water resources, groundwater wells, fill areas, the Smelley Lake dam, and a former borrow pit near the onsite residence. He is expected to testify that extensive additional environmental investigation and sampling reports prepared by a licensed environmental engineer will be necessary to meet the contractual obligations in Sections 6(i) and 7(c) of the Contract and to support any confirmation that no environmental contamination exists on or with respect to the Property.

Mr. George's written report, including his opinions, the bases and reasons for those opinions, the documents and data he considered, and his qualifications, has been or will be served in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff reserves the right to supplement Mr. George's opinions and report in accordance with the Federal Rules of Civil Procedure, the Court's Scheduling Order, and any applicable order of the Court, including in response to additional discovery, additional documents, deposition testimony, expert reports, rebuttal opinions, environmental testing, site information, or other information obtained in this matter.

## II. Expert Witness Not Providing an Expert Report under FRCP 26(a)(2)(C):

Mr. Blake J. Brownshadel
Calhoun Bhella LLP
325 N. Saint Paul St. Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200
bbrownshadel@calhounbhella.com

Mr. Brownshadel is expected to testify regarding the usual, customary, and necessary attorneys' fees and costs incurred by Plaintiff in this matter and may provide testimony rebutting any attorneys' fees testimony or evidence proffered by Defendants, or any other party seeking

attorneys' fees at trial. In general, Mr. Brownshadel will testify that the fees and expenses incurred by Plaintiff in connection with this matter have been reasonable and necessary.

Mr. Brownshadel's opinions on reasonable and necessary attorneys' fees in this case may also consider the following factors: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fees customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Mr. Brownshadel's firm, Calhoun Bhella LLP, represents Plaintiff in its prosecution and defense against counterclaims in the above-referenced proceeding. As this case is still pending, the total amount of attorneys' fees and costs Plaintiff will incur in prosecuting and defending this lawsuit is not known at this time.

Mr. Brownshadel, an Equity Partner, is currently compensated at a rate of $695 per hour in this matter. Messrs. Ryan Brown and Matt Skidmore, also Partners, are currently compensated at the same rates. Mr. Christopher John, Associate, is currently compensated at a rate of $395 per hour for this matter. A copy of each of the foregoing attorney's resumes and biographies are attached as Exhibit B.

Mr. Brownshadel's expert testimony will also be based on a review of billing records pertaining to this case and his knowledge, education, and experience with similar cases. His

testimony will further be based on the filings in this case, written discovery exchanged between the parties, document productions in this case, and the transcripts of any depositions taken in this proceeding. Additionally, his expert testimony will be based on the applicable legal authorities pertaining to the calculation of attorney's fees and expenses.

The following documents have been, or will be, reviewed by Mr. Brownshadel in anticipation of his expert testimony:

1) Pleadings of record, motions, transcripts, and discovery;

2) Depositions;

3) CVs of attorneys and paralegals that have worked on this matter; and

4) Billing records.

Mr. Brownshadel reserves the right to review additional pleadings, deposition testimony, documents produced by the parties, other factual and legal records relating to this case, and any other information which may be relied upon in support of his testimony in this case before trial. Mr. Brownshadel reserves the right to supplement or amend his opinions based on any additional information reviewed.

## III. Rebuttal and Supplemental Expert Testimony

Plaintiff reserves the right to designate rebuttal experts in response to any expert designations, reports, opinions, or testimony offered by Defendants, subject to the Federal Rules of Civil Procedure, the Court's Scheduling Order, and any applicable order of the Court. Plaintiff further reserves the right to supplement these disclosures under Federal Rule of Civil Procedure 26(e).

Plaintiff reserves the right to call any witness necessary to rebut, impeach, explain, or respond to testimony, opinions, documents, or evidence offered by Defendants or their witnesses.

Plaintiff also reserves the right to elicit expert or opinion testimony from any witness designated by Defendants, any witness identified in discovery, any custodian of records, and any other witness permitted by the Federal Rules of Evidence and the Court's orders.

## IV. Reservation of Rights

Plaintiff makes these designations based on information currently available and without waiver of any objections, privileges, protections, or rights. Plaintiff reserves all rights to object to the admissibility of any testimony, opinion, report, exhibit, or other evidence offered by Defendants. Plaintiff reserves the right to amend or supplement these designations as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's Scheduling Order, and any applicable order of the Court.

Respectfully submitted,

*/s/ Blake J. Brownshadel*

Blake J. Brownshadel
State Bar No. 24073969
bbrownshadel@calhounbhella.com
Ryan C. Brown
State Bar No. 24038055
rbrown@calhounbhella.com
Matthew B. Skidmore
State Bar No. 24106941
mskidmore@calhounbhella.com
Christopher A. John
State Bar No. 24110053
cjohn@calhounbhella.com
**CALHOUN BHELLA LLP**
325 N. Saint Paul St., Suite 2900
Dallas, Texas 75201
Telephone: (214) 981-9200

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system:

Scott A. Wheatley
swheatley@jw.com
Lee B. Hunt
lhunt@jw.com
Trevor J. Paul
tpaul@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102

*/s/ Blake J. Brownshadel*
Blake J. Brownshadel