In the United States District Court
for the Northern District of Texas
Forth Worth Division

| | | |
|---|---|---|
| Challenger Cresson I, LLC,<br>Plaintiff, | § | |
| | § | |
| v. | § | No. 4:26-CV-00231-P |
| | § | |
| Bill Sanders, et al.,<br><br>Defendants. | § | |

**Plaintiff's Responsive Expert Designation & Report**

Plaintiff Challenger Cresson I, LLC designates the following responsive expert(s) who may be called to testify at the trial of this matter.

## I. Plaintiff's Responsive Expert—R. Steven George

Plaintiff designates R. Steven George of P.G. Green Star Environmental, whose address is P.O. Box 13482 Arlington, Texas 76094-0482. He is a Licensed Professional Geoscientist (Geoscience License No. 5047, State of Texas). He is designated as a responsive expert to address, respond to, and rebut the opinions offered by Defendants' expert, Michael Whitehead, including those set forth in the Expert Report of Michael Whitehead dated July 3, 2026, and the underlying environmental assessments performed by Whitehead E.S., LLC.

Mr. George is expected to testify concerning environmental due diligence, environmental site assessment methodology, and the presence and adequacy of investigation of environmental contamination at the property located at 7700 Old Granbury Road, Cresson, Hood County, Texas (the "Property"), as measured against the environmental obligations of the parties' Standard Contract of Sale, including Sections 6(i) and 7(c) (the "Contract"). The subject matter on which Mr. George is expected to present evidence, and a summary of the facts and opinions to which he is expected to testify, include the following:

1. The Contract governs the scope of environmental due diligence for the sale of the Property. Section 6(i) broadly defines "Hazardous Substances," and Section 7(c) requires the Seller to remove any and all environmental contamination, hazardous materials, and storage tanks and to provide a report by a licensed environmental engineer confirming that no environmental contamination exists on the Property. In Mr. George's opinion, this establishes a "No Environmental Contamination Standard" requiring removal of contamination to naturally occurring background levels.

2. Neither Mr. Whitehead's Expert Report nor any of Whitehead E.S.'s prior work products at the Property applied or referenced the Contract's environmental standard, which in Mr. George's opinion undermines Mr. Whitehead's conclusions regarding the environmental status of the Property.

3. Risk-based regulatory thresholds (including Texas Risk Reduction Program Protective Concentration Levels and Railroad Commission limits) and the ASTM E1527-21 Phase I standard, together with their de minimis, anthropogenic, and off-site-source exclusions, are not sufficient to satisfy the Contract's No Environmental Contamination Standard.

4. The Whitehead Limited Phase II Investigation was inadequate to identify and delineate contamination consistent with the Contract because it used too few soil borings, placed borings at the edges of the well pads and too far from source areas (former reserve pits and aboveground storage tanks), and employed an incomplete suite of analytical parameters.

5. The field and analytical data nonetheless confirm the presence of environmental contamination in Property soils—including petroleum hydrocarbons, chlorides, and barium above background conditions—with photoionization detector readings corroborated by laboratory confirmation at borings SB-02, SB-03, and SB-04.

6. The groundwater investigation was deficient: temporary monitoring wells were left in place for only approximately 1.5 to 4.15 hours, far short of the customary 24-hour accumulation period; existing water-supply wells were not sampled; and shallow groundwater is likely present at the Property.

7. A spilled 55-gallon oil drum with obvious soil impact, depicted in the ESE Phase I ESA (Photograph No. 9), was improperly treated as de minimis and likely constitutes a reportable release that required assessment and removal.

8. Mr. Whitehead's opinions that the identified conditions were adequately addressed and that no further assessment is warranted are incorrect; in Mr. George's opinion, the confirmed presence of Hazardous Substances requires significant additional assessment, delineation, and removal, followed by the licensed-engineer confirmation report, to satisfy the Contract.

The complete statement of Mr. George's opinions, together with the bases and reasons for them, the facts and data he considered, and the exhibits supporting his opinions, is set forth in his report, which is served and filed herewith as Exhibit A and incorporated by reference. Mr. George's qualifications, the facts and data he considered, the bases and reasons for his opinions, and the exhibits he may use are set forth in and accompany the report in accordance with Rule 26(a)(2)(B). *See* Doc. 20-1 at 19-22 (curriculum vitae).

Respectfully submitted,



Chad Flores
Texas Bar No. 24059759
chad@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
Phone: (713) 364-6640
Fax: (832) 645-2496

Counsel for Plaintiff