In the United States District Court
for the Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| Challenger Cresson I, LLC, Plaintiff, | § § § | |
| v. | § § | No. 4:26-CV-00231-P |
| Bill Sanders, et al., Defendants. | § § § | |

**Unopposed Motion to Extend Discovery Deadline**

**Unopposed Motion to Extend Discovery Deadline**

Plaintiff Challenger Cresson I, LLC respectfully moves for an order extending the discovery deadline under the Scheduling Order, ECF No. 15.

**I. The requested modification is narrow.**

Plaintiff requests an order extending the deadline for completion of discovery from October 9, 2026 to January 8, 2027. All other deadlines and settings would remain unchanged, including the November 9, 2026 dispositive-motion deadline and the March 8, 2027 trial setting.

Plaintiff does *not* seek to disturb the Court's trial setting, dispositive-motion deadline, or pretrial submission dates. It seeks only additional time to complete fact discovery concerning issues already under development and new factual developments that arose after Plaintiff had served its principal written discovery.

**II. The request is unopposed.**

Plaintiff's counsel conferred with Defendants' counsel concerning this motion and discussed the requested modification in detail. Counsel specifically addressed Plaintiff's request to extend the discovery deadline to January 8, 2027 while leaving all other deadlines and settings unchanged. Defendants advised that they do not oppose that requested relief.

**III. Good cause exists to extend the discovery deadline.**

A scheduling order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). Good cause entails a need for extra leeway despite prior diligence. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535-36 (5th Cir. 2003). Courts consider factors of (1) the need's explanation, (2) the modification's importance, (3) potential prejudice, and (4) continuance problems, if any. *Id.*

Plaintiff satisfies the good cause standard. It pursued substantive written discovery months before the cutoff. It now needs to complete the ordinary next stages of that discovery and address a new factual front that arose only afterward. The requested extension is important, unopposed, and narrowly tailored to preserve every downstream deadline.

**A. Plaintiff acted diligently before the new developments arose.**

Plaintiff did not wait until the end of the discovery period to begin developing the merits. In July 2026, nearly three months before the existing cutoff, Plaintiff served a substantial first round of written discovery. It included requests for production, requests for admission, and interrogatories directed to Defendants concerning the core issues. Brownshadel Decl. ¶¶ 4–8. The discovery addressed, among other things, negotiation and performance of the parties' real-estate contract; delivery of due-diligence materials; environmental conditions, investigation, and remediation; tire removal; mineral-estate issues; communications concerning contractual performance; insurance; closing readiness; groundwater wells; and hazardous substances affecting the Property. *Id.* ¶ 7.

Defendants served responses and produced documents. Plaintiff reviewed that material and continued preparing the case. *Id.* ¶ 9. The remaining work included fact depositions concerning contractual performance, environmental and due-diligence issues, and other subjects developed through the written discovery, along with targeted follow-up discovery based on matters identified or clarified in the written responses, document production, and depositions. *Id.* ¶¶ 10–11. The August developments (detailed below) both expanded the scope of the depositions that remained and required Plaintiff to divert resources to the new groundwater issues, so that the remaining discovery could not reasonably be completed by October 9 despite Plaintiff's diligence. *Id.* ¶¶ 12–16.

That record shows a reasonable level of diligence. Plaintiff had already undertaken broad merits discovery well before the deadline. The requested extension is therefore not an effort to begin discovery late. It is intended to complete discovery already underway and to address material developments that arose after that discovery had been served.

**B. New factual developments arose after Plaintiff served its written discovery.**

In August 2026, a new factual front emerged concerning groundwater permitting and development of the Property. Those events occurred after Plaintiff had already served its July discovery and therefore could not have been fully addressed through that discovery. Brownshadel Decl. ¶¶ 12–13; Libby Decl. ¶¶ 3–4, 21.

On August 19, 2026, Challenger's general counsel, Jeffrey T. Libby, sent Defendants' counsel a written demand concerning twenty-two proposed well-registration or permit applications and one proposed operating-permit application directed to the Upper Trinity Groundwater Conservation District. Libby Decl. ¶¶ 5–7. Challenger sought the fee owners' participation because the proposed applications called for participation or certification by the property owner. *Id.* ¶ 8. Challenger also understood the matter to be time-sensitive because the District had scheduled an August 27 hearing concerning proposed groundwater-production rules. *Id.* ¶ 9. The August 19 correspondence and applications are attached to the Libby Declaration.

Defendants responded on August 23. They disputed Challenger's contractual position but also identified additional factual and procedural issues concerning the permitting process. Among other things, the response stated that a pre-application meeting was required, that the proposed groundwater demand had to be reasonable and non-speculative, that a high-volume permit would require hydrogeologic investigation and reporting, and that the property owner would be required to certify substantive information in the applications. Libby Decl. ¶¶ 11–15. The response also

stated that Cresson Moon would, subject to stated conditions and reservations, authorize Challenger and its consultants to pursue groundwater applications the District would accept and process. *Id.* ¶ 15. The August 23 response is likewise attached to the Libby Declaration.

Those events created specific new discovery subjects. They include the steps the District requires before accepting or processing the applications; the information, studies, certifications, and authorizations required; which steps have been taken and which remain; what participation by the Property owners is required; communications concerning those matters; and the effect of the permitting process on the Property and the parties' claims and defenses. Libby Decl. ¶¶ 18–20.

The evidence sought is likewise concrete. It includes documents and communications concerning the permitting process, communications with or concerning the District, records relating to pre-application procedures and hydrogeologic work, and testimony from persons involved in those events. *Id.* ¶ 19. These are not vague hopes. They are identifiable categories of evidence concerning events that arose only after discovery was already underway.

### C. Plaintiff responded to the new developments by increasing its litigation resources.

Plaintiff also acted promptly when the August developments expanded the factual and legal demands of the case. Shortly thereafter, Plaintiff retained additional lead litigation counsel to augment the existing team and increase the resources devoted to developing the record. Brownshadel Decl. ¶¶ 14–16; Libby Decl. ¶¶ 17–18.

New lead counsel appeared on August 31, 2026. Brownshadel Decl. ¶ 14; Libby Decl. ¶ 17. Plaintiff does not rely on that change of counsel as an excuse for delay. The addition of counsel is part of the diligence showing: Plaintiff increased its litigation resources promptly after the new factual issues arose so that it could continue the existing discovery effort while addressing the newly developing issues. Brownshadel Decl. ¶¶ 15–16; Libby Decl. ¶¶ 17–18, 24.

**D. The requested discovery is important.**

The remaining discovery bears directly on issues already central to the case and on the newly emerging groundwater-permitting facts. It concerns the parties' contractual performance, environmental and due-diligence issues, the permitting process, required owner participation, and the effect of those matters on the parties' claims, defenses, counterclaims, and requested relief. Brownshadel Decl. ¶¶ 10–13; Libby Decl. ¶¶ 18–22. The extension will permit Plaintiff to obtain the proof necessary to develop those issues on a complete record rather than force the parties to litigate them based on events that occurred only weeks before the existing cutoff.

**E. The extension will not unfairly prejudice Defendants.**

Defendants do not oppose the requested relief. The extended discovery period would apply equally to both sides.

The request also leaves the remainder of the Scheduling Order intact. Plaintiff does not seek to alter the November 9, 2026 dispositive-motion deadline, the pretrial deadlines, or the March 8, 2027 trial setting. The requested modification therefore expands only the time available for discovery while preserving the Court's existing downstream schedule.

Preserving the November 9, 2026 dispositive-motion deadline remains workable because the dispositive issues Plaintiff anticipates turn on legal and contractual questions that do not depend on the outstanding depositions or the groundwater-permitting discovery; to the extent any party believes the completed discovery warrants adjustment of that deadline, the parties can address it by agreement without disturbing the trial setting.

**F. No continuance is necessary.**

No trial continuance is necessary. The requested relief preserves the existing March 8, 2027 trial setting and every other deadline in the Scheduling Order. Plaintiff therefore respectfully requests only the following modification:

| **Deadline** | **Current Deadline** | **Requested Deadline** |
| --- | --- | --- |
| Completion of Discovery | October 9, 2026 | **January 8, 2027** |

All other deadlines and settings would remain unchanged.

## IV. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant this Motion and extend the deadline for completion of discovery from October 9, 2026 to January 8, 2027, with all other deadlines and settings remaining unchanged. Plaintiff also requests such other and further relief to which it may be entitled.

Respectfully submitted,

Chad Flores
Texas Bar No. 24059759
chad@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
Phone: (713) 364-6640
Fax: (832) 645-2496

Counsel for Plaintiff

**Certificate of Conference**

The request is unopposed. Plaintiff's counsel conferred with Defendants' counsel concerning this motion and discussed the requested modification in detail. Counsel specifically addressed Plaintiff's request to extend the discovery deadline to January 8, 2027 while leaving all other deadlines and settings unchanged. Defendants advised that they do not oppose that requested relief.

Chad Flores
Texas Bar No. 24059759
chad@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
Phone: (713) 364-6640
Fax: (832) 645-2496

Counsel for Plaintiff