In the United States District Court
for the Northern District of Texas
Fort Worth Division

| | | |
|---|---|---|
| Challenger Cresson I, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:26-CV-00231-P |
| | § | |
| Bill Sanders, et al., | § | |
| | § | |
| Defendants. | § | |

---

**Plaintiff's Motion for Leave to File**
**Plaintiff's Second Amended Complaint**
**and Brief in Support**

## Table of Contents

Table of Authorities ........ 3

Motion ........ 4

Summary of the Argument ........ 4

Argument ........ 6

I. The proposed amendment satisfies Rule 16. ........ 7

- A. Explanation: Later developments necessitate amendment. ........ 7
- B. Importance: The amendments establish further grounds for relief. ........ 9
- C. Prejudice: The amendments preserve Seller's opportunity to defend. ........ 10
- D. Continuance: Reasonable adjustments can accommodate amendment. ........ 11
- E. Non-substantive revisions: The other edits just clarify existing allegations. ........ 12

II. The proposed amendment satisfies Rule 15. ........ 12

Conclusion ........ 14

Certificate of Conference ........ 16

## Table of Authorities

### Cases

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) .......... 6, 12–13

*Filgueira v. U.S. Bank Nat'l Ass'n*,
734 F.3d 420 (5th Cir. 2013) .......... 9

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
315 F.3d 533 (5th Cir. 2003) .......... 7, 10–12

*Squyres v. Heico Cos., L.L.C.*,
782 F.3d 224 (5th Cir. 2015) .......... 6, 9–10

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000) .......... 13

*Tex. Indigenous Council v. Simpkins*,
544 F. App'x 418 (5th Cir. 2013) .......... 12

*Wagner v. Hess Corp.*, No. 6:24-CV-004-H,
2025 WL 888428 (N.D. Tex. Mar. 21, 2025) .......... 12

### Rules

Fed. R. Civ. P. 12(b)(6) .......... 13

Fed. R. Civ. P. 15 .......... 4, 6–7, 12–13

Fed. R. Civ. P. 15(a)(2) .......... 6, 12

Fed. R. Civ. P. 16 .......... 4, 6–7, 9, 12–13

Fed. R. Civ. P. 16(b)(4) .......... 6

## Motion

Plaintiff Challenger Cresson I, LLC moves under Federal Rules of Civil Procedure 15 and 16 for an order granting it leave to file the amended complaint attached as Exhibit 1, Plaintiff's Second Amended Complaint. The motion is opposed and supported by the following brief.

## Summary of the Argument

This commercial contract action concerns a ~$32 million contract to sell ~1,674 acres of property for development as a master-planned industrial complex. Plaintiff Challenger is the "Purchaser." Defendants are the "Seller." Purchaser seeks to enforce the bargain: Seller must convey the Property to Purchaser *after* Seller completes required environmental cleanup and certification, and Seller must cooperate with Purchaser's pre-closing development efforts. But Seller demanded closing without performing its initial obligations, obstructed development efforts, and expressly declared the Contract terminated by letter dated October 26, 2026.

Purchaser sued Seller in February 2026 for breach of contract, seeking specific performance and damages. Key developments occurring after the June 2026 amendment deadline now require an updated pleading. Seller's escalating refusals and the increasingly severe consequences of delay threaten the development opportunity the Contract secured, culminating in Seller's October 26 express repudiation of the Contract. Purchaser therefore seeks leave to amend in three key respects.

First, the proposed pleading addresses Seller's recent express repudiation of the Contract. Four days ago (October 26), Seller declared that the Contract "is no longer in force or effect," asserting expiration and termination based on Purchaser's alleged default. This first-of-its-kind declaration escalates the dispute in kind, not merely degree. Seller has moved from breaching particular obligations to denying all contractual obligations. The proposed pleading addresses that

repudiation as an additional breach and seeks injunctions compelling entitlement cooperation and preventing a third-party sale that would defeat Purchaser's contractual rights.

Second, the proposed pleading more fully specifies the damages arising from breaches that were previously pleaded and have now escalated. The Contract requires Seller to remove environmental contamination before closing and provide an engineer's report certifying its absence. Seller failed to do so. Its continued delay has exposed the Property to regulatory changes affecting its industrial development potential. The proposed amendment explains the resulting loss of development value and its connection to the breaches already pleaded.

Third, the proposed pleading adds Seller's recent breaches of its entitlement-related obligations and resulting injuries. The Contract allows Purchaser to pursue development permits and approvals before closing. It requires Seller to cooperate in good faith, use its best efforts, sign necessary documents, and refrain from interference. Beginning in August, Seller refused to cooperate with groundwater permitting and instructed Purchaser to do nothing except schedule a closing. More recently, Seller denied Purchaser's consultant access to the Property. Just four days ago, Seller went further, repudiating the entire Contract, including its cooperation duties. The proposed amendment thus addresses these recent breaches, Seller's announced refusal to cooperate going forward, and the resulting threat to the Property's development potential.

At bottom, all of these amendments preserve the central purpose of Purchaser's suit: enforcing the same Contract against the same Seller. Purchaser still seeks specific performance or, if unavailable, contractual damages. The amendments bring the pleading current with Seller's recent breaches and mounting injuries, culminating in its express repudiation just four days ago.

Good cause supports leave to amend after the scheduling deadline. The entitlement-related refusals and October 26 declaration postdate the June 16 deadline, and the proposed damages

allegations address delay consequences that became materially more substantial and apparent later. The amendments are important because they permit the Court to resolve the parties' dispute as it now stands. Seller will face allegations concerning its own conduct under contractual provisions already central to this case, and any additional discovery reasonably required can be addressed through appropriate scheduling adjustments. Rule 16's good-cause requirement and Rule 15's liberal standard therefore support allowing the proposed Second Amended Complaint.

**Argument**

Plaintiff Challenger Cresson I, LLC moves for an order granting it leave to file the amended complaint attached as Exhibit 1, Plaintiff's Second Amended Complaint. Because the scheduling order's preset deadline for motions seeking leave to amend pleadings has passed, *see* Doc. 15 at 1, the applicable standards are Rule 16's provision for amending scheduling orders with "good cause," Fed. R. Civ. P. 16(b)(4), and then Rule 15's provision for amending with "the court's leave," Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

In this posture, Rule 16 "good cause" exists when the movant shows that the existing deadline could not reasonably have been met, considering (1) the *explanation* for the need to amend after the deadline, (2) the *importance* of the amendment, (3) prejudice that the amendment would cause, and (4) the availability of curative continuances. *See, e.g.*, *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Once that good-cause showing is made, the test reverts to the "more liberal standard of Rule 15(a)." *Id.* The Rule 15 standard "evinces a bias in favor of granting leave to amend" such that, absent a substantial reason to deny leave—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party—"the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

For the reasons given below, Purchaser's proposed amended complaint satisfies both the Rule 16 standard for "good cause" and the more liberal Rule 15 standard for leave to amend. The Court should grant the motion to allow filing of the amended complaint attached as Exhibit 1.

**I. The proposed amendment satisfies Rule 16.**

All four Rule 16 factors strongly favor granting leave to amend. Seller's recent conduct makes amendment necessary, culminating in its express repudiation just four days ago. The amendments are important because they address new breaches, mounting injuries, and additional grounds for relief. Seller faces no unfair prejudice: the amendments concern the same Contract, and no depositions or dispositive motions have occurred. Reasonable scheduling adjustments can accommodate any additional work, likely without postponing trial. The remaining edits merely clarify existing allegations and impose no additional burden.

**A. Explanation: Later developments necessitate amendment.**

The inquiry first looks to the explanation for needing amendment after the deadline. *See, e.g.*, *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). It turns on whether the deadline could reasonably have been met despite diligence. *Id.* at 535. This factor favors amendment here because Seller's October 26 repudiation and the entitlement-related refusals occurred after the June 16 deadline, while the alleged consequences of its continued environmental breaches became materially more substantial and apparent afterward.

The requested pleading's main changes concern matters taking place *after* both the filing of the live complaint and the standard deadline for pleading amendments. Purchaser's live pleading is the "Plaintiff's First Amended Original Complaint" that was filed on April 1, 2026. Doc. 9. The case received a relatively standard scheduling order making the deadline to seek pleading amendments June 16, 2026. Doc. 15 at 1. The key developments necessitating Plaintiff's request to amend its complaint occurred after both of those key dates.

First, the proposed pleading addresses Seller's October 26, 2026 express repudiation of the Contract's continuing force. The existing complaint alleges repudiation through Seller's announced intent to rescind and remarket the Property, while seeking enforcement of Seller's contractual obligations. Doc. 9 ¶¶ 54–57, 65(g), 68. The October 26 letter escalates that same controversy by expressly asserting that the Contract has expired or been terminated and that Seller therefore has no continuing duty to perform. The proposed amendment adds this subsequent, categorical rejection of the Contract to the existing enforcement claim. The letter itself could not have been pleaded before the June 16 deadline because Seller had not yet issued it.

Second, the proposed pleading addresses distinct damages caused by Seller's continued failure to timely perform its environmental obligations. The existing complaint identifies those breaches, alleges resulting damages, and requests damages if specific performance is unavailable. Doc. 9 ¶¶ 65(a)–(b), 66–67, 74. Seller's continued delay exposed this time-sensitive project to categorically worsening development conditions, with resulting losses becoming materially more substantial and apparent after June 16. The amendment supplies the resulting damages detail and causal explanation as those consequences developed, extending the existing theory to injuries that could not reasonably have been pleaded with the same specificity by the amendment deadline.

Third, the proposed pleading addresses Seller's later refusals to cooperate with Purchaser's pursuit of development entitlements and the resulting injuries. The existing complaint incorporates the Contract containing those cooperation obligations, identifies Purchaser's expenditures on permitting and development work, and seeks specific performance of Seller's obligations. Doc. 9 ¶¶ 9, 58, 68 & Ex. 1 §§ 5(e), 7(e). The proposed additions identify concrete breaches arising after June 16, including the August refusals concerning groundwater permitting and the more recent denial of consultant access. Those events extend the existing contractual enforcement theory to

subsequent obstruction of the development work the Contract expressly authorizes. Seller's October 26 repudiation further confirms that the dispute now encompasses its announced refusal to honor those obligations going forward, supporting amendment to address both the intervening breaches and that newly categorical position.

The first factor therefore favors amendment. Diligence turns on whether the pleading deadline could reasonably have been met, not simply whether it has passed. *See, e.g.*, *Squyres*, 782 F.3d at 237. Unlike the movant in *Squyres*, who delayed pursuing a claim whose basis he already knew, Purchaser seeks to address later events and developing injuries within its existing contract action. *See id.* at 238–39. Purchaser could not have pleaded Seller's post-June refusals or October 26 repudiation before they occurred. The October 26 letter now makes Seller's rejection of further performance categorical, and Purchaser promptly seeks leave to bring that development and the intervening breaches and injuries before the Court.

**B. Importance: The amendments establish further grounds for relief.**

The Rule 16 inquiry next calls for consideration of the importance of the amendment. *See, e.g.*, *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013). Importance requires showing how the amendment would meaningfully affect the case's outcome, which the Court must be able to assess from the proposed pleading itself. *See, e.g.*, *id.* It is satisfied here easily.

Purchaser has supplied its proposed Second Amended Complaint as Exhibit 1, detailing the changes that materially affect both the basis for contractual relief and its nature and extent. The October 26 repudiation supplies an additional breach supporting compelled performance and protection against a third-party sale that could defeat specific performance. The development-value allegations identify the growing economic consequences of Seller's delay and inform the measure of damages if specific performance is unavailable. The entitlement-related breaches establish further grounds to compel cooperation with Purchaser's development efforts

and address the injuries caused by its denial. Together, these additions allow the Court to adjudicate Seller's intervening conduct and tailor contractual remedies to the resulting harm.

**C. Prejudice: The amendments preserve Seller's opportunity to defend.**

The third factor considers potential prejudice from allowing amendment. *See, e.g.*, *S&W Enters.*, 315 F.3d at 536. Relevant concerns include whether amendment would require discovery into an unrelated claim or force the parties to repeat dispositive-motion practice already undertaken. *See Squyres*, 782 F.3d at 238–39. Neither concern warrants denying leave here.

The substance of the amendments presents no unfair surprise. Each arises from the same Contract, the same breach-of-contract cause of action, and the same core controversy Seller has defended throughout this litigation. The live complaint already alleges environmental nonperformance, resulting damages, and repudiation through efforts to remarket the Property, and seeks specific performance or alternative contractual damages. Doc. 9 ¶¶ 54–57, 65–74. The proposed additions address Seller's subsequent rejection of the Contract, its refusals to cooperate with entitlement efforts, and the developing consequences of continued delay. These matters concern Seller's own conduct and the contractual duties already at issue; they extend the existing dispute without displacing the work performed to date.

Nor will amendment require the parties to repeat completed proceedings. No depositions have occurred. So witnesses can address the additions when first examined. Seller has filed no dispositive motion requiring revision or renewed briefing. And the November 9 dispositive-motion deadline remains ahead. Any reasonably necessary additional discovery can supplement existing efforts without duplicating them, and Purchaser consents to a reasonable extension sufficient to afford Seller a fair opportunity to address the amended pleading.

For its part, Seller cannot plausibly claim prejudice from a modest extension after disclaiming any obligation to perform the Contract. Having now declared the Contract totally

terminated, Seller cannot claim that additional preparation time would delay performance it intends to provide. Purchaser, by contrast, still seeks performance and faces time-sensitive development risks. It nevertheless accepts a reasonable extension while preserving its request for prompt interim relief. No completed proceedings need repeating, and Seller cannot credibly claim harm. The third factor favors leave.

**D. Continuance: Reasonable adjustments can accommodate amendment.**

The fourth factor considers the availability of a continuance to cure potential prejudice. *S&W Enters.*, 315 F.3d at 536. The question is whether additional time would fairly accommodate the amendment without unnecessarily delaying trial. *See id.* at 536–37. This factor favors amendment because any additional work can reasonably be accommodated either before the existing trial setting or through a short extension justified by the intervening developments.

The likely course is to preserve the March 8, 2027 trial setting while adjusting intermediate deadlines as necessary. Doc. 15 at 1–2. The repudiation and entitlement-related additions principally concern correspondence and Seller's own conduct, which the parties can address in depositions still to come. The development-value allegations may warrant supplemental expert work. A defined supplemental discovery period, together with any corresponding adjustment to dispositive-motion deadlines, would allow both sides to address those matters without repeating completed work or necessarily disturbing trial.

If the Court concludes that adequate preparation requires a short trial continuance, that alternative also supports leave. Such an extension would serve a concrete purpose: allowing the parties to address intervening breaches and developing injuries within the existing contract action. Unlike the unnecessary delay supporting denial in *S&W Enters.*, 315 F.3d at 536–37, the additional time here would permit adjudication of developments culminating in Seller's October 26 repudiation. Purchaser accepts a reasonable extension for that purpose, while preserving its request

for prompt consideration of interim relief. Either available course affords Seller sufficient preparation time without imposing an unreasonable delay. So the fourth factor favors amendment.

### E. Non-substantive revisions: The other edits just clarify existing allegations.

In addition to the substantive changes described above, the proposed complaint reorganizes and condenses existing allegations, clarifies wording, and corrects ministerial errors of formatting and the like. These edits preserve the substance of the existing allegations and independently introduce no new claims, theories, parties, or relief. Such changes in form present no additional discovery burden or unfair prejudice and should readily be permitted alongside the substantive amendments. *See, e.g.*, *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013) (per curiam) (reversing denial of post-deadline leave because an amendment that "confirm[ed] what the parties had known all along" satisfied Rule 16 good cause and caused "little, if any, prejudice" to defendants who "had prepared their case" under the existing theory); *Wagner v. Hess Corp.*, No. 6:24-CV-004-H, 2025 WL 888428, at *6–7 (N.D. Tex. Mar. 21, 2025) (granting post-deadline leave where the amendments "add[ed] factual support for pre-existing claims rather than adding new claims, theories, or parties," so "any prejudice to the defendants is minimal" and there was "no need to extend other pending deadlines").

## II. The proposed amendment satisfies Rule 15.

Because Purchaser has shown good cause under Rule 16, Rule 15(a)(2)'s liberal standard governs the decision whether to grant leave. *See, e.g.*, *S&W Enters.*, 315 F.3d at 536. That standard favors amendment absent a substantial reason for denial, such as undue delay, bad faith, repeated failure to cure pleading deficiencies, undue prejudice, or futility. *See, e.g.*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981). None is present here.

The reasons establishing Rule 16 good cause also satisfy the Rule 15 inquiry, foreclosing any suggestion of undue delay and the like. Purchaser seeks to incorporate intervening conduct

and developing injuries within the existing contract action, promptly following Seller's October 26 categorical rejection of further performance. The amendment neither abandons the existing theory nor requires completed litigation efforts to be repeated. Nor does it reflect bad faith or repeated unsuccessful attempts to cure a pleading defect: its purpose is to bring the operative complaint into line with the dispute as it now stands. The additions are certainly not futile under the Rule 12(b)(6) standard that applies, *see Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000), because they identify concrete contractual duties, Seller's subsequent breaches, and resulting injuries supporting contractual relief.

Rule 15 "evinces a bias in favor of granting leave to amend," and absent a substantial reason for denial, the Court's discretion "is not broad enough to permit denial." *Dussouy*, 660 F.2d at 597–98. Purchaser readily meets that liberal standard by incorporating material developments without undue delay or unfair prejudice.

* * *

Seller's opposition, as presented in conference, opposes amendment wholesale rather than because of any identified burden. Purchaser sought Seller's position two days before filing and acknowledged that the timeline was short. To make the most of that time, Purchaser described each category of amendment, offered to cooperate on discovery and scheduling, and offered to provide the proposed pleading or a paragraph-by-paragraph comparison. It also asked Seller to flag any question or concern promptly so the parties could try to resolve it before filing. Seller responded within that window, opposing all requested relief without requesting either document or raising any question or concern.

Seller was entitled to take that position, and Purchaser does not fault it for doing so. Indeed, Plaintiff appreciates Defendants' able counsel providing their position promptly on short notice. But the sequence nonetheless bears on the analysis. Seller's initial categorical opposition supplies no substantial reason to deny leave, and any later objections about particular burdens should be measured against the practical accommodations Purchaser has consistently offered.

Ultimately, this motion presents an easy threshold question. Seller's October 26 letter fundamentally changed the posture of this case by expressly repudiating the entire Contract. That development occurred months after the amendment deadline and plainly warrants bringing the pleadings current. The real issue is therefore not whether amendment should be allowed, but what, if any, adjustments to the schedule are needed to accommodate it. Those practical details can be addressed through further conferral under the Court's direction. They supply no reason to deny an otherwise justified amendment.

**Conclusion**

The motion should be granted. The Court should issue an order granting Plaintiff leave to file the Second Amended Complaint attached as Exhibit 1, deem it filed as of the date of the Court's order, and grant such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

Chad Flores
Texas Bar No. 24059759
chad@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 364-6640
F: (832) 645-2496

Michael A. Cancienne
Texas Bar No. 24055256
mcancienne@jlcfirm.com
Joseph "Jeb" Golinkin
Texas Bar No. 24087596
jgolinkin@jlcfirm.com
Carolina Herrera
Texas Bar No. 24126398
cherrera@jlcfirm.com
Jordan, Lynch & Cancienne
1980 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
P: (713) 955-4020

Counsel for Plaintiff

**Certificate of Conference**

Plaintiff's motion is opposed. Counsel for each side conferred about the requested relief via email, with the nonmovant Defendants expressly indicating that they are opposed to all of the requested relief. On October 28 and 29, 2026, Plaintiff's counsel wrote to Defendants' counsel, describing the proposed amendments, offering to cooperate on any resulting discovery or scheduling needs, and offering to provide the proposed pleading or a paragraph-by-paragraph comparison. On October 30, 2026, Defendants' counsel responded that Defendants oppose all requested relief, without requesting either document or identifying a specific concern. Plaintiff appreciates Defendants' counsel providing their position promptly on short notice.

/s/ Chad Flores
Chad Flores