LIBBY//SPARKS
LIBBY · SPARKS · WILLIS · STARNES

JEFFREY T LIBBY
Direct: (214) 390-3264
JLibby@LibbySparks.com

December 15, 2023

Bill Sanders, Independent Executor of
The Estate of Pearl Smelley
804 Flagstone Drive
Burleson, Texas 76028

*Via Email: BSanders@flash.net*

Estate of Pearl Smelley
Attn: Todd Tew
566 North Kimball Avenue, Suite 130
Southlake, Texas 76092

*Via Email: Todd.2@Verizon.net*

Re: Notice regarding Inspection Period and other matters; Standard Contract of Sale dated effective as of May 26, 2023 (the "**Contract**"), by and between Bill Sanders, Independent Executor of the Estate of Pearl Smelley (the "**Smelley Estate**"), Cresson Moon Properties, LP, a Texas limited partnership ("**CMPLP**"), and the following persons who joined in the Contract solely for the purposes of agreeing to grant, sell and coney their respective portion of the Mineral Estate (as defined in the Contract) to Purchaser as described in the Contract: Richard David Smelley and Amy Elizabeth Smelley (collectively, "**Smelley**"), Tammy Marie Graham and Gregory Scott Graham (collectively, "**Graham**"), and Deborah Ruth Davis and David Glenn Davis (collectively, "**Davis**"). The Smelley Estate, CMPLP, Smelley, Graham, and Davis, are collectively, jointly and severally referred to in the Contract and in this Letter as ("**Seller**"), and Challenger Realty Group, LLC, a Delaware limited liability company, and/or its assigns, ("**Purchaser**"), regarding that certain approximately 1,674 gross contiguous acres situated in the extraterritorial jurisdiction of the City of Cresson, Hood County, Texas, as more particularly described in the Contract (the "**Property**").

Ladies and Gentlemen:

As you are aware, the undersigned and this law firm represent Purchaser in connection with the referenced Contract. Section 5(a) of the Contract provides that the Inspection Period commences on the Effective Date and continues through the 180th day following the later to occur of (i) the date upon which all of the Tires have been removed from the Land and Seller has notified Purchaser thereof and (ii) the date upon which Seller delivers all of the Due Diligence Items to Purchaser. Section 7(d) of the Contract defines Tires as "all tires and parts thereof situated on the Land." Section 1(a) of the Contract defines the Land as that certain tract of land in Hood County, Texas, described and/or depicted on Exhibit "A" to the Contract. Section 7(d) also obligates Seller to remove all Tires from the Land within 30 days after the Effective Date. All defined terms used in this letter that are not defined in this letter are intended to have the meaning ascribed in the Contract.

Seller notified Purchaser on or about June 21, 2023 that Seller had removed all the Tires from the Land. However, Seller has not removed all the Tires from the Land and, as of the date of this letter, numerous Tires remain on the Land in various locations, including, without limitation, outside the single family residence on the Land, near the area where the previous pile of Tires was located, and attached to multiple apparently abandoned vehicles located throughout the Land.

Based on the fact that all of the Tires have not been removed from the Land, the Inspection Period will not expire on December 18, 2023 and, assuming that Seller has delivered all of the Due Diligence Items to Purchaser, the Inspection Period will not expire until the 180th day after all of the Tires have been removed from the Land and Seller has notified Purchaser thereof. Purchaser hereby makes demand upon Seller to remove all of the remaining Tires from the Land as soon as possible and notify Purchaser immediately thereafter that all of the remaining Tires on the Land have been removed. In order to avoid this issue in the future, Purchaser requests that Seller notify Purchaser regarding the date that Seller will remove all of the remaining Tires from the Land so that Purchaser may accompany Seller during Seller's removal of all the remaining Tires from the Land.

Additionally, as we have previously discussed, the survey obtained by Purchaser shows two gas pipelines traversing the entire width of the Property which, according to the surveyor's note, are not located in an easement. It is our understanding that Seller was aware of those gas pipelines prior to the Effective Date and that no documentation or information regarding those gas pipelines was provided to Purchaser in the Due Diligence Items. Obviously, the existence of those gas pipelines presents a significant artificial condition on the Property that would or could prevent, limit, impede, or render more costly the ownership, operation, use, enjoyment, development or redevelopment of the Property. Purchaser intends to continue its efforts to identify the owners of those gas pipelines and discover the relevant information regarding those gas pipelines, including their current operating status, the respective rights and obligations of Seller and the owners of those gas pipelines and, if abandoned, what may be entailed in their removal. Purchaser requests Seller's cooperation in its efforts regarding those gas pipelines.

Finally, Purchaser's environmental engineer has discovered approximately thirty (30) 55 gallon steel drums of oil-based products throughout the Property (five of which were located around the residential structure and barn on the southern portion of the Property), as well as one 500 gallon petroleum oil aboveground storage tank located on the western portion of the Property in association with a tank battery located on the Property. It appears that at least one of those drums was on its side and had leaked a dark-colored liquid out onto the soil and some black oily staining was observed under a few of the 55 gallon steel drums on the western portion of the Property. Purchaser requests that Seller immediately advise Purchaser regarding any and all Hazardous Substances that are currently located on the Property or which have been incorporated, used, generated, manufactured, stored, or disposed of in, on, under, or about the Property or transferred to or from the Property. Additionally, Purchaser requests that Seller promptly and properly remove all of the steel drums located on the Property, as well as all containers that contain any Hazardous Substances. Purchaser requests that Seller notify Purchaser regarding the date that Seller will

remove all of the steel drums and other containers from the Property so that Purchaser may accompany Seller during Seller's removal of such items from the Property.

Please be advised that this letter is not intended to and does not constitute a waiver of any rights or remedies that Purchaser may have under the Contract. Any potential defaults by Seller now existing or later occurring will not be deemed waived or otherwise accepted by Purchaser. The description in this letter of the specific rights of Purchaser will not be deemed to limit or exclude any other rights to which Purchaser may be or become entitled to under the Contract, at law, in equity, or otherwise. Purchaser reserves all rights and remedies granted under the Contract and available at law or in equity, all of which will be cumulative and may be pursued separately, successively, or concurrently at the sole discretion of Purchaser. No failure to exercise or delay in exercising any rights by Purchaser will operate as a waiver of any rights that Purchaser may have under the Contract.

We request that you indicate Seller's acknowledgment that the Inspection Period will not expire on December 18, 2023 and, assuming that Seller has delivered all of the Due Diligence Items to Purchaser, the Inspection Period will not expire until the 180th day after all of the Tires have been removed from the Land and Seller has notified Purchaser thereof, by returning an executed copy of this letter with the appropriate signatures below, but your returned acknowledgment will not be required to enforce the clear requirements described in Section 5(a) of the Contract.

Very truly yours,

Jeffrey T. Libby

*[Seller's Acknowledgment on the Following Page]*

**SELLER'S ACKNOWLEDGEMENT**

**SELLER**:

__________________________________
BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY

**SELLER**:

__________________________________
RICHARD DAVID SMELLEY

__________________________________
AMY ELIZABETH SMELLEY

**SELLER**:

**CRESSON MOON PROPERTIES, LP**,
a Texas limited partnership

By: Cresson Moon Management, LLC,
a Texas limited liability company,
General Partner

By:______________________________
Richard Smelley, Manager

By:______________________________
Tammy Graham, Manager

By:______________________________
Deborah Davis, Manager

**SELLER**:

__________________________________
DEBORAH RUTH DAVIS

__________________________________
DAVID GLENN DAVIS

**SELLER:**

__________________________________
TAMMY MARIE GRAHAM

__________________________________
GREGORY SCOTT GRAHAM

/jl

cc: Cresson Moon Properties, LP
c/o Cresson Moon Management, LLC *(via email: sgd@flash.net)*
Richard Smelley and Amy Smelley *(via email: Amy.Smelley@icloud.com)*
Deborah Davis and David Davis *(via email: DavidGDavis1@yahoo.com)*
Lacy Kimball, Lacy Kimball Law *(via email: info@LacyKimballLaw.com)*
Tammy Graham and Gregory Graham *(via email: Tammy@LocationsPhotography.com)*