# FIRST AMENDMENT TO STANDARD CONTRACT OF SALE

This **FIRST AMENDMENT TO STANDARD CONTRACT OF SALE** (this "**Amendment**") is executed on this 4th day of December, 2024 (the "**First Amendment Effective Date**"), by and between **BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY** (the "**Smelley Estate**"), **CRESSON MOON PROPERTIES, LP**, a Texas limited partnership ("**CMPLP**"), and the following persons who join in this Contract solely for the purposes of agreeing to grant, sell and convey their respective portion of the Mineral Estate to Purchaser as described in this Contract: **RICHARD DAVID SMELLEY** and **AMY ELIZABETH SMELLEY** (collectively, "**Smelley**"), **TAMMY MARIE GRAHAM** and **GREGORY SCOTT GRAHAM** (collectively, "**Graham**"), and **DEBORAH RUTH DAVIS** and **DAVID GLENN DAVIS** (collectively, "**Davis**") (the Smelley Estate, CMPLP, Smelley, Graham and Davis are collectively, jointly and severally referred to in this Contract as "**Seller**"), and **CHALLENGER REALTY GROUP, LLC**, a Delaware limited liability company, and/or its assigns ("**Purchaser**"). Seller and Purchaser are collectively referred to herein as the "**Parties**" and each individually as a "**Party**".

## RECITALS:

**WHEREAS**, Seller and Purchaser previously entered into that certain Standard Contract of Sale dated effective as May 26, 2023 (the "**Contract**"), concerning the purchase and sale of that certain property of approximately 1,674 gross contiguous acres of land situated in the extraterritorial jurisdiction of the City of Cresson, Hood County, Texas, and being more particularly described in the Contract (the "**Property**"); and

**WHEREAS**, Seller and Purchaser desire to amend the Contract as set forth in this Amendment.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the Parties agree to amend the Contract as follows:

## AGREEMENT:

1. Recitals; Defined Terms. All recitals above are incorporated herein by this reference. Unless otherwise defined herein, capitalized terms used in this Amendment shall have the same meaning given to such terms in the Contract.

2. Inspection Period. The Inspection Period is hereby extended to continue through April 7, 2025 (the 180th day after October 7, 2024). For the avoidance of doubt, by signing this Amendment, the Parties acknowledge and agree that (a) the Parties' intention is to extend the Inspection Period as described above, and (b) preserve both of Purchaser's two (2) options to extend the Inspection Period as described in Section 5(a) of the Contract.

3. Purchaser hereby instructs the Title Company to (a) continue to maintain the initial Earnest Money in escrow and (b) hold in escrow solely for the benefit of Purchaser the $100,000 deposit of additional Earnest Money that Purchaser delivered to the Title Company on or about July 8, 2024 (the "**Prepaid Deposit**"). The Parties acknowledge and agree that, unless and until

Purchaser elects to exercise its first option to extend the Inspection Period as described in Section 5(a) of the Contract, (y) the Prepaid Deposit is not intended to be, and is not, part of the Earnest Money, and (z) Seller has no claim to, or right to receive, the Prepaid Deposit.

4. Oil and Gas Leases.

(a) Seller hereby authorizes Purchaser to contact and communicate with each and every lessee (each, an "**O&G Lessee**") under the oil and gas lease agreements to which all or a portion of the Property is subject (each, an "**O&G Lease**"), including, without limitation, that certain O&G Lease pursuant to which that certain oil and gas well commonly referred to as "Smelley 1H" (RRC Lease ID No. 211620) (the "**Smelley 1H Lease**") exists on the Property, on Seller's behalf in order to negotiate modifications of the O&G Leases that are satisfactory to Purchaser; provided, however, that Purchaser shall not be entitled to enter into an agreement with any O&G Lessee that is enforceable against Seller without Seller's prior written consent, which consent shall not be unreasonably withheld, conditioned or delayed. Such modifications may include, without limitation, early termination or revocation of the applicable O&G Lease or the lessee's waiver or restriction of its rights to access and use the surface of the Property for oil and gas development. Purchaser shall be authorized to contact, communicate and negotiate with the O&G Lessees through Purchaser's representatives, including, without limitation, Purchaser's legal counsel and environmental engineers. Seller shall not be liable to Purchaser for any of Purchaser's fees, costs or other expenses incurred by Purchaser in seeking a modification, early termination or revocation of an O&G Lease. Further, within thirty (30) days following delivery of Purchaser's written request, Seller will initiate and diligently pursue litigation to modify or terminate the O&G Lease and consult and cooperate with Purchaser in connection with such litigation.

(b) All Seller Parties agree to provide to Purchaser the following within five (5) business days after First Amendment Effective Date to the extent not already provided to Purchaser: shut-in payments and shut-in payment supporting documentation received by Seller Parties for (i) 2024 and (ii) the applicable years prior to 2024.

(c) Seller agrees to cooperate with Purchaser in Purchaser's efforts to modify the O&G Leases, including, without limitation, Seller shall, within five (5) business days following Purchaser's delivery to Seller of the applicable request, (a) execute and deliver to Purchaser and any O&G Lessee any written documentation requested by Purchaser or any O&G Lessee to evidence Purchaser's authority to communicate and negotiate on Seller's behalf, and (b) execute and deliver to Purchaser any documentation approved by Purchaser in writing that modifies an O&G Lease. Additionally, within five (5) business days after the First Amendment Effective Date, Seller will deliver a written request to the O&G Lessee under the Smelley 1H Lease to deliver to Seller a full accounting of all shut-in payments made under the Smelley 1H Lease and Seller will diligently thereafter pursue receipt of such accounting and deliver copies of all communications and documentation that Seller receives from the O&G Lessee under the Smelley 1H Lease within five (5) business days following receipt of same.

(d) Seller agrees that Seller will not accept, deposit or cash any shut-in consideration in any form, including, without limitation, any cash, checks, money orders or wire transfers, on or after the First Amendment Effective Date in connection with any O&G Lease.

(e) Seller and Purchaser acknowledge and agree that negotiations or litigation regarding the Smelley 1H Lease are additional agreements to the Contract. Nothing in the provisions and authorizations for the O&G Lease shall constitute grounds for an extension or contingency to close.

4. Closing Date. Notwithstanding anything contained in the Contract or the Amendment to the contrary, unless otherwise agreed in writing by Seller and Purchaser, the Closing Date shall not extend beyond December 31, 2025.

5. Reaffirmation. Except as modified hereby, the Contract shall remain in full effect and this Amendment shall be binding upon the Parties and their respective successors and assigns. If any inconsistency exists or arises between the terms of the Contract and the terms of this Amendment, the terms of this Amendment shall prevail. Each Seller Party hereby expressly ratifies, adopts and confirms the terms and conditions of the Contract (as hereby amended).

6. Counterparts. This Amendment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. An electronic copy of this Amendment bearing the signature of a Party hereto shall be sufficient to bind such Party to the terms of this Amendment.

*[Remainder of page is intentionally left blank; Signatures on following pages]*

**IN WITNESS WHEREOF**, the parties have executed and delivered this Amendment as of the First Amendment Effective Date.

**SELLER**:

Bill Sanders Ind Ex.

BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY 11/7/2024

**SELLER**:

CRESSON MOON PROPERTIES, LP,
a Texas limited partnership

By: Cresson Moon Management, LLC, a Texas limited liability company, General Partner

By:________________________
Richard Smelley, Manager

By:________________________
Tammy Graham, Manager

By:________________________
Deborah Davis, Manager

**SELLER**:

________________________
RICHARD DAVID SMELLEY

________________________
AMY ELIZABETH SMELLEY

**SELLER**:

________________________
DEBORAH RUTH DAVIS

________________________
DAVID GLENN DAVIS

**SELLER**:

________________________
TAMMY MARIE GRAHAM

________________________
GREGORY SCOTT GRAHAM

*[Signature pages continue on following page.]*

**IN WITNESS WHEREOF**, the parties have executed and delivered this Amendment as of the First Amendment Effective Date.

**SELLER**:

______________________________
BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY

**SELLER**:

**CRESSON MOON PROPERTIES, LP**,
a Texas limited partnership

By: Cresson Moon Management, LLC,
a Texas limited liability company,
General Partner

By: Richard Smelley
Richard Smelley, Manager

By: ______________________________
Tammy Graham, Manager

By: ______________________________
Deborah Davis, Manager

**SELLER**:

Richard David Smelley
RICHARD DAVID SMELLEY

Amy E. Smelley
AMY ELIZABETH SMELLEY

**SELLER**:

______________________________
DEBORAH RUTH DAVIS

______________________________
DAVID GLENN DAVIS

**SELLER**:

______________________________
TAMMY MARIE GRAHAM

______________________________
GREGORY SCOTT GRAHAM

*[Signature pages continue on following page.]*

**IN WITNESS WHEREOF**, the parties have executed and delivered this Amendment as of the First Amendment Effective Date.

**SELLER**:

______________________________
BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY

**SELLER**:

______________________________
RICHARD DAVID SMELLEY

______________________________
AMY ELIZABETH SMELLEY

**SELLER**:

CRESSON MOON PROPERTIES, LP,
a Texas limited partnership

By: Cresson Moon Management, LLC,
a Texas limited liability company,
General Partner

By:______________________________
Richard Smelley, Manager

By:______________________________
Tammy Graham, Manager

By: *Deborah Davis*
Deborah Davis, Manager

**SELLER**:

*Deborah Ruth Davis*
DEBORAH RUTH DAVIS

[signature]
DAVID GLENN DAVIS

**SELLER:**

______________________________
TAMMY MARIE GRAHAM

______________________________
GREGORY SCOTT GRAHAM

*[Signature pages continue on following page.]*

**IN WITNESS WHEREOF**, the parties have executed and delivered this Amendment as of the First Amendment Effective Date.

**SELLER**:

BILL SANDERS, INDEPENDENT EXECUTOR OF THE ESTATE OF PEARL SMELLEY

**SELLER**:

CRESSON MOON PROPERTIES, LP,
a Texas limited partnership

By: Cresson Moon Management, LLC,
a Texas limited liability company,
General Partner

By: ______________________
Richard Smelley, Manager

By: ______________________
Tammy Graham, Manager

By: ______________________
Deborah Davis, Manager

**SELLER**:

RICHARD DAVID SMELLEY

AMY ELIZABETH SMELLEY

**SELLER**:

DEBORAH RUTH DAVIS

DAVID GLENN DAVIS

**SELLER**:

TAMMY MARIE GRAHAM

GREGORY SCOTT GRAHAM

*[Signature pages continue on following page.]*

EXECUTED by Purchaser as of the First Amendment Effective Date.

**PURCHASER:**

**CHALLENGER REALTY GROUP, LLC,**
a Delaware limited liability company

By: *John Contrevo*
John Contrevo, Manager