**Blake Brownshadel**

**Subject:** FW: Environmental matters; Smelley Tract

**Importance:** High

**From:** Jeffrey Libby
**Sent:** Thursday, February 12, 2026 1:27 PM
**To:** Lacy Kimball (info@LacyKimballLaw.com) <info@LacyKimballLaw.com>
**Cc:** john@challengerrealtygroup.com; Charles Gallub (Charles@challengerrealtygroup.com) <Charles@challengerrealtygroup.com>; Edwin Esposito <ed@challengerrealtygroup.com>; Patty Herrera (patty@challengerrealtygroup.com) <patty@challengerrealtygroup.com>; Jake Wilkinson <jake@mwrealestate.com>; Kelly Roach (keroach39@gmail.com) <keroach39@gmail.com>; Scott Deatherage (scott@sdeatheragelaw.com) <scott@sdeatheragelaw.com>; david@spillerlaw.net; Todd W Tew <todd.2@verizon.net>
**Subject:** Environmental matters; Smelley Tract
**Importance:** High

Lacy,

Seller delivered the Phase II ESA Report (the **ESA Report**) on or about January 26, 2026, which we appreciate. However, the ESA Report indicates that multiple requirements of the PSA have not been satisfied.

In light of the fact that this transaction involves a significant amount of money and land (approximately $33 million and over 1,600 acres), Purchaser has retained Texas environmental counsel to advise Purchaser regarding environmental matters pertaining to the Property, including a review of the ESA Report, and the following comments and questions are, in large part, a result of such consultation.

First, the ESA Report indicates that Seller's environmental representation in Section 6(i) of the PSA was inaccurate when made and remains inaccurate. Accordingly, Seller is in breach of Section 6(i). Section 6(i) provides that "[n]o Hazardous Substances . . . have been incorporated, used, manufactured, stored, or disposed of in, on, under, or about the Property." The ESA Report indicates that Hazardous Substances are present at the Property. In addition, under Section 8(b) of the PSA, it is a condition precedent to Closing that Seller's representations and warranties be true and correct as of Closing.

Second, Section 7(c) of the PSA requires that Seller remove from the Property, no later than fifteen (15) days prior to Closing, "all environmental contamination, hazardous materials and above and/or underground storage tanks located in, on or about the Property." Based on the ESA Report, the required removal of environmental contamination and hazardous materials has not occurred. In addition, Seller has not provided satisfactory evidence that all underground equipment or piping associated with the above-ground storage tanks has been removed from the Property.

Third, the ESA Report does not include the specific confirmation required by the PSA. Section 7(c) requires that Seller provide an environmental report "by a licensed environmental engineer confirming that no environmental contamination exists on or with respect to the Property." Based on our review, the ESA Report does not include this confirmation and therefore does not satisfy Section 7(c).

The requirements and language of Sections 6(i) and 7(c) were specifically drafted by Purchaser and agreed to by Seller to address environmental contamination and Hazardous Substances at the Property. These requirements were and remain material to the transaction, particularly in light of the purchase price to be paid at Closing.



Ex. 10
App.188

Based on the foregoing, Purchaser does not believe Section 6(i) or Section 7(c) have been satisfied or that the applicable conditions precedent to Closing have been met.

From Purchaser's perspective, it would be premature to discuss a closing date until the environmental matters outlined above are fully and clearly resolved. In addition to revising the ESA Report to include the contractually required confirmation, Purchaser also requires - and we understand Seller's engineer has agreed to provide - the following:

- An express right for Purchaser to rely on the ESA Report (whether by reliance letter or by naming Purchaser as an intended recipient in the report). The ESA Report expressly prohibits anyone other than Seller from relying upon the ESA Report; and
- Purchaser to be named as an additional insured on the environmental engineer's and drilling contractor's CGL and Contractors Pollution Liability policies, with limits appropriate for a $33 million transaction. Additionally, those policies must be "occurrence-based policies" and not "claims-made policies." The policies and insurance must survive into the future for obvious reasons.

Finally, all environmental contamination at the Property must be removed in accordance with the PSA.

Purchaser remains committed to working cooperatively to finalize these items. Once Sections 6(i) and 7(c) have been fully satisfied, Purchaser will be in a much better position to have a constructive discussion about next steps, including Closing timing.

Thank you,
Jeff

CALHOUN BHELLA & SECHREST

Chambers SPOTLIGHT TX 2025

**Jeffrey T. Libby**
Partner

214.833.2187 (Direct)
214.395.3303 (Cell)
jlibby@CBSAttorneys.com

NEW ADDRESS:
325 N. St. Paul Street,
Suite 2900
Dallas, Texas 75201
www.cbsattorneys.com

IMPORTANT\CONFIDENTIAL: This message contains information from the law firm of Calhoun Bhella & Sechrest PLLC that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C § 2510 et seq. If you have received this communication in error, please notify us immediately at our telephone number: (214) 981-9200.

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230