# SPILLER & SPILLER

JAMES M. SPILLER (1932-2011)
DAVID SPILLER
SCOTT A. SPILLER (1968-2014)
MASON SPILLER
REID SPILLER

ATTORNEYS AND COUNSELORS AT LAW
P. O. DRAWER 447
JACKSBORO, TEXAS 76458

TELEPHONE: (940) 567-6644
FACSIMILE: (940) 567-3999
EMAIL: LAWINFO@SPILLERLAW.NET
PHYSICAL ADDRESS:
122 E. BELKNAP STREET

August 23, 2026

Jeffrey T. Libby, Esq.
CALHOUN BHELLA
325 N. Saint Paul Street, Suite 2900
Dallas, Texas 75201
jlibby@calhounbhella.com

Re: Challenger Cresson I, LLC v. Bill Sanders, Independent Executor of the Estate of Pearl Smelley, et al., Civil Action No. 4:26-cv-00231-P (N.D. Tex.)

Dear Jeff:

As you know, our firm serves as General Counsel for Cresson Moon Properties, LP ("Cresson Moon"). I write in response to your August 19, 2026, demand concerning the twenty-two proposed well registration/permit applications and operating permit application submitted with your letter.

Cresson Moon disputes your characterization of the parties' respective contractual rights and obligations and expressly reserves all claims, defenses, and positions asserted in the pending litigation, including its position concerning Challenger's prior breaches and repudiation of the Contract. Nothing in this letter, and no cooperation offered below, constitutes an admission that the Contract presently requires the action demanded, a waiver of any existing breach or default by Challenger, or an acknowledgment that Challenger is entitled to specific performance or any other relief.

Nevertheless, in an effort to avoid any contention that Cresson Moon has failed to reasonably mitigate damages or has improperly interfered with Challenger's efforts regarding groundwater permitting, I have conferred with Doug Shaw, General Manager of the Upper Trinity Groundwater Conservation District ("the District"). Based upon that discussion and our review of the District's existing rules, the applications cannot simply be completed and submitted in the manner suggested by your letter. Among other things, District procedures require a pre-application meeting; the proposed groundwater demand must be reasonable and non-speculative; and the contemplated high-volume permit is subject to hydrogeologic investigation and reporting requirements before the application can be administratively complete.

Moreover, the applications you provided require the property owner to certify the truth and accuracy of substantive information supplied by Challenger. Cresson Moon is not presently in a

position to make those certifications, and it will not certify facts, proposed uses, well specifications, groundwater demands, or other information that it has not independently determined to be true and accurate.

That said, without waiving any rights or positions in this litigation, Cresson Moon is willing to authorize Challenger and its consultants, at Challenger's sole cost and expense, to pursue with the District such groundwater applications relating to the Property as the District will lawfully accept and process, including payment by Challenger of all application, engineering, hydrogeologic, consultant, well-drilling, if Challenger elects and is lawfully authorized to proceed with drilling, and other costs associated with that effort. If, after compliance with the District's applicable prerequisites, the District advises that Cresson Moon's signature is required on a particular application or other document, please provide that document and the supporting information to us, and Cresson Moon will promptly consider execution of an appropriate document consistent with the facts and the District's requirements.

If Challenger wishes to proceed on that basis, please confirm and provide whatever limited authorization the District requires for Cresson Moon to execute. This offer is made solely to facilitate Challenger's requested permitting efforts and to avoid any contention that Cresson Moon is causing or contributing to the damages alleged in your August 19 letter. It does not authorize Challenger to bind Cresson Moon to any financial obligation, drilling obligation, permit condition, groundwater production commitment, or other contractual or regulatory obligation without Cresson Moon's further express written consent.

All rights, claims, defenses, and remedies are expressly reserved.

Sincerely,

*/s/ David Spiller*

David Spiller

DS
Cc: Scott A. Wheatley, Esq.
Lee B. Hunt, Esq.
Trevor J. Paul, Esq.
JACKSON WALKER, LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
*swheatley@jw.com*
*lhunt@jw.com*
*tpaul@jw.com*

Cresson Moon Properties, LP