**Subject:** Challenger v. Sanders (N.D. Tex.) - Property access request
**Date:** Wednesday, October 7, 2026 at 3:35:56 PM Central Daylight Time
**From:** Flores Law Administration
**To:** Wheatley, Scott, Hunt, Lee, Wright, Leah, Paul, Trevor
**CC:** Chad Flores
**Attachments:** 2026-10-07 - Letter.pdf

Counsel,

Please see the attached correspondence from Chad Flores regarding *Challenger Cresson I, LLC v. Sanders*, et al., No. 4:26-CV-00231-P (N.D. Tex.).

Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640
administration@chadflores.law

**Flores Law PLLC**
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

October 7, 2026

Scott A. Wheatley
Lee B. Hunt
Trevor J. Paul
Jackson Walker LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102

Re: *Challenger Cresson I, LLC v. Sanders*, et al., No. 4:26-CV-00231-P (N.D. Tex.)

Dear Counsel,

I write again as lead counsel for Challenger Cresson I, LLC in the matter indicated above. Please share this correspondence with any other representative of your side that is an appropriate recipient. We will do our best to include anyone you indicate in any further correspondence of this kind.

We have not received a response to our September 30 correspondence requesting property access for Jarrod Reynolds, P.E., of Core Management Group. So we write to renew and formalize it. We appreciate the parties' ongoing efforts to resolve the broader dispute amicably, and hope this limited access issue can be handled in the same cooperative spirit.

The requested access is straightforward. Mr. Reynolds would conduct a non-invasive inspection relating to water planning, including observing the Property's geology and topography, creeks and impoundments, vegetation, potential water-storage locations, and potential waters of the United States.

The request thus falls comfortably within the access contemplated by the parties' Contract. Section 5(a) provides that Purchaser may enter the Property to conduct inspections and investigations and, even after expiration of the Inspection Period, "shall have the right to continue to conduct physical inspections and assessments of the Property," including soil samples, groundwater samples, and other intrusive testing, subject to the specified indemnity and repair obligations. Mr. Reynolds's proposed visit is substantially less invasive than the activities that provision expressly permits. The visit also bears directly on Challenger's ongoing water, utility, and entitlement work. Section 5(e) requires Seller to cooperate with Purchaser, using "good faith and best efforts," in Purchaser's efforts to obtain the relevant Entitlements and Required Utilities. And Section 7(e) provides that Seller "shall not oppose" or "interfere with" those efforts. *Id.* §§ 5(e), 7(e). We hope this makes clear that the requested visit is both modest in scope and well within the parties' existing contractual framework, and that it can therefore be accommodated without complicating the parties' broader discussions.

Please confirm within three business days that Seller will accommodate Mr. Reynolds's access, and we can then coordinate a mutually workable date during the following two weeks. We are happy to work through any reasonable access logistics with you. If Seller believes there is some contractual basis for withholding the requested access, please identify it in your response.

Sincerely,

Chad Flores