# SPILLER & SPILLER

JAMES M. SPILLER (1932-2011)
DAVID SPILLER
SCOTT A. SPILLER (1968-2014)
MASON SPILLER
REID SPILLER

ATTORNEYS AND COUNSELORS AT LAW
P. O. DRAWER 447
JACKSBORO, TEXAS 76458

TELEPHONE: (940) 567-6644
FACSIMILE: (940) 567-3999
EMAIL: LAWINFO@SPILLERLAW.NET
PHYSICAL ADDRESS:
122 E. BELKNAP STREET

October 26, 2026

**CONFIRMATION OF EXPIRATION AND TERMINATION OF CONTRACT**

Chad Flores, Esq.
Flores Law, PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
*chad@chadflores.law*
*AND CM #9589 0710 5270 3676 6904 73, RRR*

RE: Confirmation of Expiration and Termination of the Standard Contract of Sale dated May 26, 2023, as amended (the "Contract"), by and between Bill Sanders, Independent Executor of the Estate of Pearl Smelley, Cresson Moon Properties, LP, Richard David Smelley and Amy Elizabeth Smelley, Tammy Marie Graham and Gregory Scott Graham, and Deborah Ruth Davis and David Glenn Davis (collectively, "Seller") and Challenger Cresson I, LLC ("Purchaser"), concerning the property located at approximately 7700 Old Granbury Road, Cresson, Hood County, Texas (the "Property")

Dear Mr. Flores:

As you know, our firm serves as General Counsel for Cresson Moon Properties, LP ("Cresson Moon"). This letter is sent to you and your firm as counsel for Purchaser, Challenger Cresson I, LLC.

The Third Amendment to the Contract extended the Closing Date through January 23, 2026 (the "Second Extended Closing Date") and contemplated that the parties would enter into a further amendment on or before that date to establish additional deadlines under the Contract. No such further amendment was ever executed, and Seller did not agree to any further extension of the Closing Date. Accordingly, Seller's position is that the Contract expired by its own terms no later than January 23, 2026. Nothing Seller did or did not do thereafter constituted an agreement to revive or extend the Contract or a waiver of its expiration.

Separately and alternatively, in April 2026, Seller provided Purchaser formal written notice of Purchaser's default (the "Notice of Default") under the Contract pursuant to Section 11(a) thereof. As set forth in the Notice of Default, Seller performed and satisfied its obligations under

the Contract, and Purchaser failed and refused to proceed to Closing in accordance with the Contract's terms, conditioning Closing instead on new demands that are not conditions precedent under the Contract. The Notice of Default afforded Purchaser ten (10) days from its receipt to cure its default by proceeding to close the transaction, and advised that, absent a timely cure, Seller would exercise all rights and remedies available under the Contract and Texas law.

Purchaser did not cure its default within the ten-day cure period, and has not cured it since. Purchaser did not proceed to Closing, and it has not tendered the Purchase Price.

Accordingly, and without limiting Seller's position that the Contract previously expired by its own terms, Seller further terminated the Contract based upon Purchaser's uncured default. With Seller's counterclaims in *Challenger Cresson I, LLC v. Sanders, et al.*, Civil Action No. 4:26-cv-00231-P, pending in the United States District Court for the Northern District of Texas, Fort Worth Division, I am sending this letter simply to confirm Seller's position that the Contract is no longer in force or effect, whether by expiration, termination based upon Purchaser's uncured default, or both.

This letter is not intended to and does not constitute a waiver, election, or limitation of any rights, claims, defenses, positions, or remedies that Seller may have under the Contract, at law, or in equity, including Seller's claims and defenses asserted in the pending litigation and Seller's rights with respect to the Earnest Money. Seller expressly preserves all positions concerning the expiration, termination, enforceability, breach, repudiation, and effect of the Contract and its amendments. No act, omission, failure to exercise, or delay in exercising any right by Seller shall operate as a waiver of any right, claim, defense, position, or remedy Seller may have.

Sincerely,

*/s/ David Spiller*

David Spiller

DS

Cc: Scott A. Wheatley, Esq.
Lee B. Hunt, Esq.
Trevor J. Paul, Esq.
JACKSON WALKER, LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
*swheatley@jw.com*
*lhunt@jw.com*
*tpaul@jw.com*

Cresson Moon Properties, LP