**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**CHALLENGER CRESSON I, LLC,**

***Plaintiff*,**

**v.**

**BILL SANDERS, *et al.*,**

***Defendants*.**

§ § § § § § § § § § § §

**Civil Action No. 4:26-cv-00231-P**

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Bill Sanders, Independent Executor of the Estate of Pearl Smelley; Cresson Moon Properties, LP; Richard David Smelley and Amy Elizabeth Smelley; Tammy Marie Graham and Gregory Scott Graham; and Deborah Ruth Davis and David Glenn Davis (collectively, "Defendants" or "Seller") move for summary judgment under Federal Rule of Civil Procedure 56 and Local Civil Rules 56.3 through 56.7 on the claims asserted in Plaintiff Challenger Cresson I, LLC's ("Plaintiff" or "Purchaser") First Amended Original Complaint (ECF No. 9) and on Defendants' counterclaim for declaratory judgment (ECF No. 11, Counterclaims ¶¶ 45–46). Defendants incorporate by reference the arguments and authorities in Defendants' Brief and Appendix in Support, filed concurrently herewith.

**SUMMARY[1]**

As set forth in more detail in Defendants' Brief, the Court should grant Defendants' Motion for Summary Judgment on the following eight independent grounds:

1. The Contract expired by its own terms when the last agreed closing date passed. Time was of the essence, and the First Amendment and Section 13(f) permitted an extension only by a signed writing. No signed writing extended closing beyond January 23, 2026, and the Third Amendment's promise to "further amend" the Contract is an unenforceable agreement to agree. Even if Section

[1] The remaining requirements of L.R. 56.3 will be set forth in Defendants' accompanying brief and appendix.

13(k) applies, it extended closing no later than February 10, 2026, and Plaintiff let that date pass without closing or tendering the purchase price.

2. Plaintiff had no right to condition closing on reliance letters and additional-insured status, because neither the Contract nor its amendments contains any reliance or insurance requirement, and Plaintiff proposed those terms, lost them in negotiating the Second Amendment, and signed anyway.

3. Plaintiff is not entitled to specific performance because it was not ready and willing to close on the Contract's terms, it has no evidence that it could pay the purchase price, Section 11(b) does not relieve it of that burden, and no contract remains to enforce.

4. Plaintiff's breach-of-contract claim fails because Plaintiff was itself in default, because Sections 8(b), 8(d), 8(e), and 8(f) are express conditions precedent to Purchaser's obligations rather than promises Seller could breach, and because Plaintiff's remaining theories arise from conduct after the Contract expired.

5. The Whitehead Report satisfied Section 7(c), because Section 7(c) incorporates applicable regulatory standards rather than background levels, the report found no chemical of concern above TRRP residential protective concentration levels or Railroad Commission limits, and the report's signature by a Texas Professional Geoscientist is not a material failure and is an objection Plaintiff is estopped to raise.

6. Alternatively, Section 11(b) caps and limits any monetary recovery, because damages are available only if specific performance is unavailable, reimbursement of third-party out-of-pocket costs may not exceed $200,000, and lost profits, including Plaintiff's claimed lost "development window," are excluded.

7. Plaintiff's requests for declaratory and injunctive relief fall with its substantive claims, because each requested declaration is foreclosed by the grounds above and the proposed injunction rests on the same theories of breach and repudiation.

For these reasons, and those in Defendants' Brief, Defendants respectfully request that the Court grant their Motion for Summary Judgment and (1) declare that the Contract expired by its own terms no later than February 10, 2026; (2) declare that Plaintiff failed to close in the time the Contract required; (3) declare that Plaintiff was not entitled to impose extra-contractual conditions to closing; (4) declare that Plaintiff's remedies are limited by Section 11(b); (5) declare that Defendants are entitled to pursue their contractual remedies, including retention under Section 11(a) of the Earnest Money deposited by Purchaser; (6) render judgment that Plaintiff take nothing on its claims for specific performance, breach of contract, damages, and

declaratory and injunctive relief; (7) award Defendants their reasonable attorneys' fees, costs, and pre- and post-judgment interest as allowed by law; and (8) grant Defendants all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ Scott A. Wheatley*

Scott A. Wheatley
State Bar No. 24013737
swheatley@jw.com
Lee B. Hunt
State Bar No. 24082257
lhunt@jw.com
Trevor J. Paul
State Bar No. 24133388
tpaul@jw.com
JACKSON WALKER LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Phone: 817.334.7200
Fax: 817.334.7290

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on November 9, 2026, a true and correct copy of the above document was served via the ECF Filing System to all counsel of record.

*/s/ Scott A. Wheatley*

Scott A. Wheatley